Rose BARON, Appellant,

v.

Maurice J. O'SULLIVAN, Charles R. Lautenschlager, Gerard Guterl, Matthew G. Cummings, Rita Jacoby, Helen McMahon, James E. Reynolds.

No. 12459.

United States Court of Appeals
Third Circuit.

Argued April 17, 1958.

Decided July 10, 1958.

Samuel Davidson, Hoboken, N. J. (De· Fazio, Davidson & De Fazio, Hoboken,. N. J., on the brief), for appellant.

Edward F. Hamill, Jersey City, N.. J. (Robert H. Doherty, Jersey City, N.. J., Robert H. Doherty, George R. Blaney, Jersey City, N. J., on the brief), for ap-· pellees. ·

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Appellant Rose Baron is a teacher· holding a certificate of eligibility to teach in the elementary schools of the State of New Jersey. A further written examination and oral interview is required to· teach in the schools of Jersey City. Appellant filed a complaint against the mem-· bers of the Board of Examiners of Jersey City, alleging a conspiracy under· color of state law to deprive her of the privilege of receiving a certificate as a: permanent teacher in Jersey City. The action is based upon the Civil Rights. Act, 42 U.S.C.A. § 1983,[1] with jurisdic-

1. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution.

tion conferred by Section 1343 of Title 28 of the United States Code.[2] After answer was filed, the district court granted defendants' motion for judgment on the pleadings and dismissed the action on the ground that the complaint did not spell out a denial of "any right, privilege or immunity secured by the Constitution and laws of the United States, but of a right or privilege created by or under a law or laws of the State of New Jersey." This appeal followed.

The complaint alleges that plaintiff availed herself of two administrative reviews, both before the Board of Examiners of Jersey City. However, the fourth separate defense in the answer alleges that plaintiff has not exhausted the state administrative remedies available to her.

Chapter 3 of Title 18 of the Revised Statutes of New Jersey, Section 14, N.J. S.A. 18:3–14, grants to the Commissioner of Education the power to decide controversies arising under school laws. Specifically it reads:

"The commissioner shall decide without cost to the parties all controversies and disputes arising under the school laws, or under the rules and regulations of the state board or of the commissioner.

\* \* \* \* \* \*

"The decision shall be binding until a decision thereon is given by the state board on appeal."

Section 15 of the same chapter provides for review of the commissioner's decision by the state board. These two steps in the statutory scheme of administrative review were not taken by appellant here, although clearly they were open to her. In re Masiello, 1958, 25 N.J. 590, 138 A.2d 393.

May a litigant properly seek the remedy of a federal court under the Civil Rights Act before exhausting the available administrative remedies of the state? We think not.

There is no longer any doubt that where a person's federally-protected civil or constitutional rights are abridged, "resort to a federal court may be had without first exhausting the *judicial* remedies of state courts." Lane v. Wilson, 1939, 307 U.S. 268, 274, 59 S.Ct. 872, 875, 83 L.Ed. 1281, emphasis supplied; see Cooper v. Hutchinson, 3 Cir., 1950, 184 F.2d 119. If, however, the state court in fact is applying an administrative rather than a judicial remedy, resort must first be had to the state court before suit can be brought in the federal court. Prentis v. Atlantic Coast Line Co., 1908, 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150.

Certainly in the grant or denial of a teaching certificate by a state board, no judicial process is involved. Such boards, created to review subordinate decisions in their own ranks, are exercising a strictly legislative function with which this court cannot interfere. Carson v. Warlick, 4 Cir., 1956, 238 F.2d 724, certiorari denied, 1957, 353 U.S. 910, 77 S.Ct. 665, 1 L.Ed.2d 664; see also Mitchell

---

and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983.

2. "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

"(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in sec-

tion 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

"(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." 28 U.S.C. § 1343.

v. Wright, 5 Cir., 154 F.2d 924, certiorari denied, 1946, 329 U.S. 733, 67 S.Ct. 96, 91 L.Ed. 633.

█ Although the usual reason given for the requirement of the exhaustion of administrative remedies is the hesitation of the courts to interfere with state legislative processes, there is a more compelling one, as is apparent here. Appellant alleges a denial of a federally-protected privilege. The decision of the Board of Examiners of Jersey City, reviewable as it is both by the commissioner and the state board, is in a true sense interlocutory. It is merely a tentative determination subject to revision at the discretion of other agencies which are an integral part of the same legislative scheme. We cannot know, therefore, whether the privilege asserted has been denied until the state board has finally made its decision. The present action was premature.

The judgment of the district court will be affirmed.