Joseph **GAITO**, Appellant,

v.

Arthur T. **PRASSE**, Commissioner of Correction, A. T. Rundle, Acting Superintendent, William Berg, Notary, et al. Eastern Correctional Institution Philadelphia, Pennsylvania.

No. 14084.

United States Court of Appeals Third Circuit.

Submitted Nov. 5, 1962.

Decided Jan. 18, 1963.

---

Joseph Gaito, pro se.

Edward C. Boyle, Dist. Atty., Pittsburgh, Pa. (William Claney Smith, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellees.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

GANEY, Circuit Judge.

There is quite a long and involved history in connection with the various applications of Joseph Gaito for relief from a rather long term of imprisonment. The appellant, Joseph Gaito, and his brother, Frank, were indicted in 1959 on a charge of burglary. Joseph was also indicted in the same year on a charge of assault with intent to kill. Joseph and Frank were additionally indicted on a charge of violation of the Uniform Fire Arms Act, 18 P.S. § 4628. They were found guilty on all indictments. On the burglary charge, Joseph was sentenced to pay a fine of $500 and serve a term of imprisonment of not less than ten years nor more than twenty. On the indictment charging the appellant with assault with intent to kill, he was sentenced to not less than three and a half years nor more than seven years imprisonment. On the indictments charging violation of the Uniform Fire Arms Act the sentence was suspended upon payment of costs. Motions for new trial were filed and argued before a court en banc and denied. Appeals were taken to the Superior Court of Pennsylvania which affirmed the convictions and sentence. A petition for reargument filed by the appellant was denied. His appeal, taken to the Supreme Court of Pennsylvania, was also denied, as was a petition for writ of certiorari to the Supreme Court of the United States.

The appellant then filed a suit for an injunction in the United States District Court for the Western District of Pennsylvania against the Superintendent of the State Correctional Institution at Pittsburgh, Pennsylvania, praying that the Court enjoin the defendant from interfering with what he maintains are his civil rights, predicating his complaint on the Civil Rights Act, 28 U.S.C.A. § 1342, and also on 42 U.S.C.A. § 1983.

A motion to dismiss was filed by the defendant, alleging that the complaint failed to state a cause of action upon which relief could be granted and for the further reason that it failed to show the exhaustion of administrative remedies provided for by the laws of Pennsylvania. In his complaint, appellant alleged that he did not have proper access to certain law books, pamphlets and materials with which he could prepare his appeal to the Superior Court of Pennsylvania. However, upon hearing, the Court found that there were rules and regulations adopted by the Commissioner

of Correction of the Commonwealth of Pennsylvania, and that these regulations permitted the appellant to have access to law books and legal material, but stated that prisoners could not retain the materials for their own use, though they might use them in their cells when necessary for the prosecution of their own case, and they could not be disseminated to other inmates. Further, that this was merely an administrative procedure and that if the appellant did not secure the proper redress, the procedure was to appeal to the Warden of the Institution, next, present the matter to the attention of the Diagnostic Clinic, located in the institution where the prisoner was serving his sentence, then to the Commissioner of Correction and, finally, to the Attorney General of the Commonwealth. Not having exhausted this administrative procedure, the Court denied him relief. No appeal was taken from the order denying this petition for injunction.

In December of 1961, after appellant had been transferred to the State Correctional Institution at Philadelphia, in the Eastern District of Pennsylvania, he filed a petition for a restraining order in the United States District Court for the Eastern District of Pennsylvania. The District Court denied the petition in an order setting forth that it had reviewed the proceedings of the Western District of Pennsylvania and determined that the issues were identical and had been decided adversely to the appellant. The Court also found that in its determination the appeal was abandoned and not prosecuted in the Western District of Pennsylvania, but ordered the docketing of the notice of appeal and its order granting the petition to appeal in forma pauperis, which were duly filed. On January 16, 1962, the appellant's petition and order to withdraw and dismiss the appeal were filed. On April 25, 1962, the appellant filed another motion for injunction and on the same date the Court denied the motion on the ground that "there is stated therein no claim on which relief can be granted." It is from this order that this appeal is taken. In

May of 1962, Joseph and Frank filed petitions for habeas corpus in the Court of Common Pleas of Allegheny County. That Court, in an opinion and order, dismissed the petitions and denied the writ. Subsequently, additional petitions for writs of habeas corpus in the Court of Common Pleas were filed and denied by order of court dated June 5, 1962. The appellant has taken appeals to the Superior Court of Pennsylvania, from the denial of these two aforesaid petitions, which appeals are presently pending. While the latest application for injunctive relief, filed April 25, 1962, and which is the subject of this appeal, does not so state, it is taken that in the appeals to the Superior Court the appellant alleged he was denied the use of certain law books, texts and other material.

Suffice it to say that in the new application of the appellant for an injunction, there is virtually a repetition of the same grounds as he alleged in the previous motions for injunctive relief. He alleged that under the new prison administration law pamphlets and various legal material in the possession of the appellant were confiscated; that under the new administrative policy, he would not be permitted proper access to "legal literature pertinent to the legal interests of inmates." Additionally, he alleged that certain law volumes, rules of the Supreme Court of the United States and of the Commonwealth of Pennsylvania, etc., some 15 in number, were sent to his home. He prays that being "deprived of Federally protected rights to have said legal literature in his possession and/or access thereto" requires that this material "be likewise forthwith restored to their proper owners."

It is obvious here that the petitioner has not stated a violation of any constitutional right which could be the subject of judicial review. Here, it is apparent that prison regulations have been altered but that his proper redress is to exhaust the administrative remedies provided by the Commonwealth of Pennsylvania, which have not been complied with. There is no allegation that the

prison officials frustrated his efforts to prove his appeal as in Cochran v. Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453, nor that the trial judge suppressed a notice of appeal as in Egan v. Teets, 9 Cir., 251 F.2d 571. The restrictions imposed under prison discipline here have not deprived the appellant of reasonable access to the courts at least until, as has been indicated, his administrative remedies are exhausted. Hatfield v. Bailleaux, 9 Cir., 290 F.2d 632; Baron v. O'Sullivan, 3 Cir., 258 F.2d 336.

The judgment of the District Court will be affirmed