**UNITED STATES of America ex rel. Joseph M. HOUGHTON**

**v.**

**Hon. William SCRANTON, Gov., Hon. Walter Alessandroni, Arthur T. Prasse, Com., State Corr. Institution, David N. Myers, Supt., State Corr. Institution, Graterford, Penna. and Clarence R. Wolfe, Dept. Supt. et al.**

**Civ. A. No. 39701.**

United States District Court
E. D. Pennsylvania.
May 16, 1966.

Joseph M. Houghton, in pro. per.

Henry T. Crocker, Asst. Dist. Atty. of Montgomery County, Norristown, Pa., Frank P. Lawley, Jr., Deputy Atty. Gen. for Commonwealth of Pa., Harrisburg, Pa., for defendants.

## MEMORANDUM AND ORDER

WOOD, District Judge.

This is an equity action in which plaintiff, a state prisoner, requests this Court to order the above-named defendants to return certain legal material and other property seized from him. Houghton alleges these are all necessary in order to afford him the opportunity to perfect his appeal with the Superior Court of Pennsylvania and to file a petition for writ of habeas corpus in the federal court. The action is brought under the Civil Rights Act, 42 U.S.C.A. § 1983.[1]

The Superintendent of the prison filed an answer on February 15, 1966, in which he stated that the law books in question were found in the cell of another inmate and as a result were confiscated from the other inmate because the law books were not his personal property. Myers further states that permission would have been required to lend the law books which would never have been given at any rate. All of the prisoners are given handbooks which state these rules. The District Attorney of Montgomery County moved to dismiss the action on May 12, 1966, for failure to state a claim upon which relief could be granted, for failure to exhaust available state remedies and finally because the issues raised are completely within the jurisdiction and control of the prison authorities.

Petitioner has not alleged in his complaint nor anywhere else that he has exhausted the remedies available to him through state administrative proceedings. The Third Circuit Court of Appeals has deemed this to be fatal to a claim in the following language:

"It is obvious here that the petitioner has not stated a violation of any constitutional right which could be the subject of judicial review. Here, it is apparent that prison regulations have been altered but that his proper redress is to exhaust the administrative remedies provided by the Commonwealth of Pennsylvania, which have not been complied with. There is no allegation that the prison officials frustrated his efforts to prove his appeal * * * nor that the trial judge suppressed a notice of appeal * * *. The restrictions imposed under prison discipline here have not deprived the appellant of reasonable access to the courts at least until, as has been indicated, his administrative remedies are exhausted."

Gaito v. Prasse, 312 F.2d 169, 171–172 (3rd Cir. 1963).

On this ground we are compelled to grant the motion to dismiss.[2]

---

1. Plaintiff on April 29, 1966, filed a motion for a preliminary injunction of which no disposition will be made because of the order dismissing the entire case.

2. We will not consider the reasonableness of the regulations in question although there seems to be no doubt that they are.