399 F.2d 132
 Denis P. KELLY, Petitioner,
v.
BUTLER COUNTY BOARD OF COMMISSIONERS, Board of Prison
Managers, Butler County Correctional Institution,
Thomas Hutchinson, Warden, Butler County
Correctional Institution and
their Agents.
 Misc. No. 718.
 United States Court of Appeals Third Circuit.
 Submitted on Briefs July 17, 1967.
Decided Sept. 20, 1967.
 
 Denis P. Kelly, pro se.
 Charles T. Chew, County Sol., County of Butler, Butler, Pa., for appellee.
 Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This suit seeking money damages only and filed under 28 U.S.C. 1343 and 42 U.S.C. 1981 and 1983 is before this court on plaintiff's application, supported by affidavit of poverty, to prosecute an appeal in this court in forma pauperis from an order of the District Court denying his application to proceed in forma pauperis in that court under 28 U.S.C. 1915. The District Court opinion stated: 'a more detailed pleading is necessary * * * for the purpose of informing any judge to whom resort is had that the claim is not frivolous.'In view of these allegations, as summarized at pages 1-2 of the District Court opinion, and the terms of the Complaint,[1] the request for permission to proceed in forma pauperis in this court will be granted:[2]
 
 
 2
 'The plaintiff-petitioner alleges that his federal civil rights were violated by the named defendants in the following particulars: (1) the defendants interfered with and obstructed the plaintiff's right to access to the Federal courts in that they did not permit him to file legal documents with the United States District Court at Pittsburgh in November 1965 and in February 1966, * * *; and (2) in June 1966, 'after having been extradicted from the State of New York and returned to the Butler County Correctional Institution', the plaintiff-petitioner was placed in solitary confinement and subjected to cruel and unusual conditions in order to coerce a guilty plea to the charges lodged against him. The allegedly cruel and unusual conditions which endangered the health and emotional well-being of the plaintiff-petitioner were a steel bunk without a mattress, lack of clothing, no facilities to wash himself, bad food, and foul air. The plaintiff-petitioner was also denied medical care.'
 
 
 3
 Our recent decision of June 16, 1967, in Negrich v. Hohn et al., 379 F.2d 213 (3rd Cir.) is inapplicable to the issue now before this court, since that case involved an appeal from a dismissal of a complaint under the Civil Rights Act on the merits whereas the application now before the court is to proceed in forma pauperis so that the appeal may be considered by this court.
 
 
 
 [1]
 Paragraphs 8 and 9 of the Complaint allege that attempts to send legal documents to the courts in November 1965 and February 1966 were denied. Paragraph 11 alleges that in June 1966, when in the Butler County Correctional Institution, 'Plaintiff and a co-defendant were placed in solitary confinement under cruel and unusual conditions * * * for several weeks until they succumbed to the coercion of the defendants and/or their agents to submit guilty pleas to charges lodged against them.' Paragraph 12 contains this language, inter alia:
 'Plaintiff was stripped of all clothing and was unable even to wash himself. The food served to plaintiff was approximately one third of the daily ration provided for other prisoners, and was so inadequately prepared that plaintiff suffered intermittent bouts of diarrhea and vomitting. After several days the air became unbearably foul, yet defendants and/or their agents refused to open a window despite 100 degree temperature.'
 
 
 [2]
 The situation presented by this record is factually quite different from that before the courts in cases such as Ray v. Commonwealth of Pennsylvania, 263 F.Supp. 630 (W.D.Pa.1967); Cooper v. Hutchinson, 184 F.2d 119, 124-125 (3rd Cir. 1950), where equitable injunctive relief was sought and 28 U.S.C. 1915 not involved; and Gaito v. Prasse, 312 F.2d 169 (3rd Cir. 1963), where equitable injunctive relief was sought. The past conditions about which plaintiff complains may no longer exist so that administrative relief would be useless