**UNITED STATES of America ex rel. William SANDERS, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 16506.**

United States Court of Appeals Third Circuit.

Submitted on Briefs June 6, 1968.

Decided June 27, 1968.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

William H. Lamb, Asst. Dist. Atty., Chester County, West Chester, Pa., (Norman J. Pine, Dist. Atty., West Chester, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SEITZ, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM.**

 This is an appeal by William Sanders, a state prisoner, from the district court's dismissal, without a hearing, of his petition for a writ of habeas corpus. Petitioner, to date, has applied for a writ of habeas corpus on four occasions—twice in the state courts[1] and twice in the Federal courts. At no time was he afforded a hearing to determine the veracity of any of the allegations contained in his petitions. In the petition now before us, petitioner contends, *inter alia*, that while being held on a charge of murder, the District Attorney of Chester County, Pennsylvania, extracted a confession from him by representing to petitioner that he was appointed by the court to defend him. If this allegation is, in fact, true, there must be an independent determination of whether petitioner's guilty plea was brought about or induced by the confession. Smith v. Wainwright, 373 F.2d 506 (C.A.5, 1967); Doran v. Wilson, 369 F.2d 505 (C.A.9, 1966). The voluntariness of the plea would also depend, of course, upon a finding that petitioner fully understood the consequences of entering such a plea. See United States v. Tateo, 214 F.Supp. 560 (S.D.N.Y. 1963). And it goes without saying that if it is found that the plea was voluntary, but the confession involuntary, the confession should not have been admitted into evidence at petitioner's hearing to determine his degree of guilt.

 Petitioner contends that he has exhausted his state remedies because the allegations contained in this present petition were also raised in his state court petitions. Our trouble, however, is that the record on this appeal does not include petitioner's state habeas corpus petitions. On remand, therefore, the district court will first have to determine whether petitioner has exhausted his state remedies, and if it is found that

he has, under the teaching of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the district court must hold an evidentiary hearing on the alleged contamination of the confession and guilty plea resulting from the purported duplicity of the Chester County District Attorney.

Accordingly, the order of the district court will be vacated and the cause remanded for proceedings not inconsistent with this opinion.

---

1. See Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 207 A.2d 789 (1965); 421 Pa. 627, 217 A.2d 734 (1966).