399 F.2d 133
 Denis P. KELLY, Appellant,
v.
BUTLER COUNTY BOARD OF COMMISSIONERS, Board of Prison
Managers, Butler County Correctional Institution,
Thomas Hutchinson, Warden, Butler County
Correctional Institution and
their Agents.
 No. 16897.
 United States Court of Appeals Third Circuit.
 Submitted on Briefs June 20, 1968.
Decided July 26, 1968.
 
 Denis P. Kelly, pro se.
 Charles T. Chew, County Sol., County of Butler, Butler, Pa., for appellee.
 Before KALODNER and VAN DUSEN, Circuit Judges, and WRIGHT, District judge.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Appellant Denis P. Kelly brought suit invoking jurisdiction under the Civil Rights Act, 42 U.S.C. 1981 and 1983; seeking money damages for an alleged denial of appellant's right of access to the federal courts by appellees and also for alleged cruel and unusual treatment accorded appellant by the appellees during the period June 20 to July 7, 1966.[1]
 
 
 2
 The District Court dismissed the complaint under 28 U.S.C. 1915(d) without a hearing stating that 'a more detailed pleading is necessary * * * for the purpose of informing any judge to whom resort is had that the claim is not frivolous.'
 
 
 3
 In addition, the District Court, relying upon Cooper v. Hutchinson, 184 F.2d 119 (3rd Cir. 1950) and Gaito v. Prasse, 312 F.2d 169 (3rd Cir. 1963), indicated that it ought to abstain from interfering with state procedure, except in exceptional cases, until the complainant had exhausted his state remedies. We note, however, that the position taken in those cases has been severely undercut by Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) and McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963) which held that exhaustion of state remedies was not a prerequisite to obtaining legal relief under the Civil Rights Acts.[2]
 
 
 4
 Moreover, several recent decisions of this Court, United States of America ex rel. William Sanders v. Maroney, 397 F.2d 267 (3rd Cir. June 27, 1968) and Long v. Parker, 390 F.2d 816 (3rd Cir. Feb. 16, 1968) require that in cases like the instant one, the lower court must grant a hearing so that the facts underlying the allegations of the appellant's complaint may be fully developed and considered. This is particularly true where, as here, the complainant is proceeding pro se and is untutored in legal niceties.[3]
 
 
 5
 For the foregoing reasons, the order of the District Court will be vacated and the cause remanded for proceedings not inconsistent with this opinion.
 
 
 
 [1]
 For a detailed recitation of the acts complained of, see this Court's prior opinion in this case, Kelly v. Butler County Board of Commissioners, 399 F.2d 132 (3rd Cir. 1967)
 
 
 [2]
 For a case markedly similar to the one at bar on the question of cruel and unusual punishment see: Wright v. McMann, 387 F.2d 519 (2nd Cir. 1967)
 
 
 [3]
 The fact that appellant was not represented by counsel, plus the fact that his complaint alleges sufficient specific facts in support of the conclusory allegations contained therein, distinguishes the instant case from our recent decision in Negrich v. Hohn, 379 F.2d 213 (3rd Cir. 1967)