**UNITED STATES of America ex rel. Lloyd MANLEY H–3625, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent. No. 17188.**

United States Court of Appeals
Third Circuit.

Submitted Nov. 8, 1968.

Decided Dec. 2, 1968.

Melvin Dildine, Asst. Defender, Defender Assn. of Philadelphia, Philadelphia, Pa., for appellant.

Leroy S. Zimmerman, Dist. Atty., Jerome T. Foerster, Asst. Dist. Atty., Harrisburg, Pa., for appellee.

Before KALODNER, FORMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant was convicted of robbery and sentenced to 7 to 15 years in prison in the Court of Oyer and Terminer of Dauphin County, Pennsylvania, on April 3, 1964. The sentence was modified on April 10, 1964, the minimum time being reduced to 5 years with no change in the maximum. While no direct appeal from the conviction and sentence was taken, appellant appears to have exhausted his state remedies through the pursuit of post conviction relief in the Pennsylvania courts before filing his habeas corpus petition in the United States District Court for the Eastern District of Pennsylvania.[1]

The allegations of appellant in his petition to the District Court were substantially similar to those raised in his collateral attack in the state courts. He asserted that following his arrest he was placed in several line-ups and identified by witnesses who subsequently testified at his trial, despite his protestations to the police not to place him in a line-up without the presence of counsel. In addition, appellant contended that his counsel "abandoned" him in refusing to prosecute a direct appeal from the conviction, thus depriving him of his right of appeal and the assistance of counsel.

With respect to the line-up issue, the District Court, in an order entered August 25, 1967, dismissed appellant's petition without a hearing, since he had been sentenced prior to the Supreme Court decisions beginning with Escobedo v. Illinois[2] and culminating in United States v. Wade,[3] affording the right to counsel at critical stages of the criminal process, including the line-up. Because these decisions had been held not to apply retroactively, the District Court properly concluded that they could afford appellant no succor.[4]

An evidentiary hearing was held, however, on appellant's abandonment contentions. The court concluded that appellant's version of the facts was lacking in credibility, that he knew of his right to appeal at the end of his trial, and held that

"he deliberately and intentionally abandoned and waived any right to appeal when he consulted with his attorney and, upon the advice of counsel, chose to seek a reduction in sentence rather than attempt the appeal which his counsel had advised against."

Appellant obliquely reiterates his District Court contention that his counsel failed to prosecute an appeal

---

1. Appellant's petition for post conviction relief was denied without a hearing, 86 Dauph. 200 (1966). The order was affirmed by the Pennsylvania Superior Court, Commonwealth v. Manley, 209 Pa. Super. 768, 231 A.2d 186 (1967), and allocatur was denied by the Pennsylvan'a Supreme Court in an order dated July 21, 1967.

2. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

3. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967).

4. On appeal, counsel concedes the correctness of the District Court's ruling on the nonretroactivity of the *Wade* decision, but argues that since "appellant personally insists that the Supreme Court intends to review *Wade*," a hearing should be granted to elicit "the facts necessary to a decision on this allegation." Despite the unique and rather colorful nature of this contention, it is clear that no further discussion is warranted.

from his conviction,[5] citing the recent Supreme Court decision in Anders v. California.[6] Since, however, the District Court's decision rested heavily on its evaluation of the credibility of the respective witnesses, its findings cannot be upset in the absence of clear error. On the record it appears that there was ample support for the District Court's decision; indeed, appellant does not contend contra. Nor is the *Anders* case found to be apposite to the situation here.

Finally, appellant for the first time on appeal urges that his identification by the victim of the robbery by means of photographs *might* have been violative of due process, and that he should now have a hearing on this issue, so that the circumstances surrounding the identification can be clarified. It is asserted that this issue was not raised below because the Supreme Court had not yet come down with its decision in Simmons v. United States,[7] a case which appellant seems to regard as a landmark in the area of out-of-court identifications. It is clear, however, that *Simmons* did not significantly change the law, for it accepted photographic identification as a common and permissible practice. Only in those situations where the display of photographs is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification"[8] can it be said that there has been a violation of due process. In the absence of any allegations bringing appellant's case within this rubric, there appears to be no reason to grant appellant a hearing in the District Court on this issue.

For the foregoing reasons the order of the United States District Court for the Eastern District of Pennsylvania of October 17, 1967 denying appellant's petition for a writ of habeas corpus will be affirmed.

5. Appellant personally retained and paid his attorney who testified before the District Court that appellant made his own decision not to appeal and was granted a reduction in sentence.

6. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967).

7. 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

8. Id. at 384, 88 S.Ct. at 971.