**UNITED STATES of America ex rel. William SANDERS, Appellant,**

v.

**James F. MARONEY, Supt., State Correctional Institution, Pittsburgh, Pennsylvania, 15233.**

**No. 18736.**

United States Court of Appeals, Third Circuit.

Submitted Jan. 11, 1971.

Decided March 12, 1971.

Gilbert J. Helwig, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.

John B. Talierco, Asst. Dist. Atty., West Chester, Pa. (David C. Patten, Asst. Dist. Atty., Norman J. Pine, Dist. Atty., West Chester, Pa., on the brief), for appellee.

Before SEITZ, VAN DUSEN, Circuit Judges, and MASTERSON, District Judge.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from the district court's denial of relator's petition for a writ of habeas corpus.[1]

---

1. United States of America ex rel. Sanders v. Maroney, Superintendent, Misc. No. 4247 (E.D. Pa., filed Oct. 27, 1969).

On December 27, 1960, the relator, who was represented by counsel, entered a plea of guilty before the Court of Common Pleas of Chester County, Pennsylvania, to an indictment charging murder generally. Thereafter, a three-judge panel heard testimony to determine the degree of guilt and, after two hearings, determined that the relator was guilty of murder in the first degree and sentenced him to life imprisonment.

Thereafter, the relator twice sought habeas corpus relief in the state courts and was twice denied, each denial being affirmed by the Supreme Court of Pennsylvania.[2]

The relator next sought Federal habeas corpus relief in the United States District Court for the Western District of Pennsylvania. This was denied without hearing. The relator appealed and we remanded the case to the District Court for the purposes of (1) ascertaining whether the relator had exhausted his state remedies; and (2) holding an evidentiary hearing on relator's allegations that his confession was involuntary and that his guilty plea was invalid.[3] The case was then transferred to the Eastern District of Pennsylvania, where the district court appointed counsel to represent the relator and held an evidentiary hearing.

Since we are satisfied, as was the district court, that the relator has exhausted his available state remedies, the only issue remaining is whether the district court properly held that the guilty plea was knowingly, understandingly and voluntarily entered.

■■ The state trial record merely reflects the fact that the guilty plea was entered and is silent as to whether the trial judge inquired about the defendant's knowledge of the charge and the consequences of his acknowledgement of guilt. In these circumstances, since we have held that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is to be given prospective effect only,[4] and since the counseled plea under attack predated the decision in *Boykin*, the burden of proving the illegality of the guilty plea is placed upon the relator. See United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970).

■ However, at the time it rendered its Opinion, the district court applied the then prevailing law in this Circuit which placed the burden of proof on the Commonwealth.[5] Even with the burden of proof thus shifted, the district court found the Commonwealth to have met its burden and concluded that under the "totality of the circumstances" the plea was knowingly, voluntarily and understandingly entered. We have carefully reviewed the whole record and have concluded that it fully supports the district court's findings and disposition.

The order of the district court will be affirmed.

2. Commonwealth ex rel. Sanders v. Maroney, 417 Pa. 380, 207 A.2d 789 (1965); Commonwealth ex rel. Sanders v. Maroney, 421 Pa. 627, 217 A.2d 734 (1966).

3. United States ex rel. Sanders v. Maroney, 397 F.2d 267 (3rd Cir. 1968).

4. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969); United States ex rel. Fear v. Commonwealth of Pennsylvania, 423 F.2d 55 (3rd Cir. 1970); United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (3rd Cir. 1970).

5. United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3rd Cir. 1968); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3rd Cir. 1968); United States ex rel. Fink v. Rundle, 414 F.2d 542 (3rd Cir. 1969).