Commonwealth ex rel. Kern, Appellant, *v.* Maroney.

Submitted September 29, 1966.   Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*James E. Kern,* appellant, in propria persona.

*Thomas P. Ruane, Jr.,* First Assistant District Attorney, and *John R. Hoye,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, November 15, 1966:

While represented by competent counsel, appellant, James E. Kern, and his co-defendant, Robert Dillinger, plead guilty generally to an indictment charging them with the 1963 murder of Joseph S. Illig.   During the hearing held in April 1964, to determine the degree of guilt, appellant testified as to his participation in the crime, but, contrary to a written statement he had previously given the police, denied striking the deceased.   Following the hearing, appellant was found guilty of murder in the first degree and sentenced to life imprisonment, while Dillinger was found guilty of murder in the second degree.   No post trial motions were filed nor was an appeal taken.

On May 16, 1966, a petition was filed in accord with the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1, seeking a remedy under this act in the nature of habeas corpus or in the alternative, a hearing to determine if the writ should issue. The court below dismissed the petition without a hearing on June 7, 1966. Thereafter the court also refused appellant permission to amend his petition. This appeal followed.

The petition before us consists solely of legal conclusions and is completely devoid of any factual account of the manner in which appellant's rights were violated. Moreover, in light of his guilty plea, which was equivalent to a conviction of murder in the second degree and constituted a waiver of all non-jurisdictional defects and defenses, *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966), all but two of his allegations are irrelevant. While appellant asserts that there was improper state action prior to the entry of his plea, he fails to indicate how, assuming the allegations are true, they prevented his plea from being a knowledgeable and voluntary act. See *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966). In these circumstances, appellant is entitled to a collateral hearing, only if he alleges facts, which if true, would either vitiate his guilty plea or render unconstitutional the trial court's finding that the elements of first degree murder were present. See *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 3-5, 222 A. 2d 918, 920-21 (1966) ; *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 540, 207 A. 2d 794, 797 (1965).

Appellant, however, was not entitled to a hearing on the basis of his bald assertion that his guilty plea was coerced. "When an accused pleads guilty to an indictment, it is presumed that he is aware of what he is doing. [Citations omitted.] Hence the burden of prov-

ing otherwise is upon him." *Commonwealth ex rel. Crosby v. Rundle,* 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964), cert. denied, 379 U.S. 976, 85 S. Ct. 677 (1965). Although the preferable procedure would have been for the hearing judge to have determined for himself that the defendant's plea was knowingly and understandingly made, see, e.g., *Commonwealth ex rel. Kerekes v. Maroney,* supra at 342-3, 223 A. 2d at 702; *Commonwealth ex rel. Crosby v. Rundle,* supra, we agree with the conclusion of the court below that the record in the instant case does not disclose any reason for suspecting that petitioner's plea was improperly induced. Cf. *Commonwealth ex rel. West v. Myers,* supra.

The only other allegation conceivably cognizable in this habeas petition is appellant's charge that the state used perjured testimony. Although this too is a bald assertion, we believe that the reference to perjured testimony is to the introduction of appellant's own confession wherein he admitted striking the deceased. At the hearing, appellant contradicted this part of his confession. Thus his argument must be that the court found him guilty of murder in the first degree on the strength of an "inadmissible confession", and since the burden is on the Commonwealth to prove the elements of murder in the first degree, *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 215 A. 2d 857 (1966), its introduction into evidence precluded the court from properly making this finding. However, on the facts of this case, the argument contains no merit. In the first place the record amply supports the conclusion of the court below that the confession was admissible under the standards applicable to appellant's April 1964 hearing. See *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966); *Commonwealth v. Negri,* 419 Pa. 117, 213 A. 2d 670 (1965). Moreover, the confession was admitted without objection thus foreclosing a challenge at this time. *Commonwealth ex rel. Foeman v.*

*Maroney,* 420 Pa. 486, 218 A. 2d 230 (1966); cf. *Commonwealth ex rel. Fox v. Maroney,* 417 Pa. 308, 207 A. 2d 810 (1965).

Finally appellant complains that the court below abused its discretion in denying him the right to amend his petition granted by §7 of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §7, 19 P.S. §1180-7, which provides that "amendment shall be freely allowed in order to achieve substantial justice." Since the petition was filed after the effective date of the Act, this claim is properly before us. In denying leave to amend after the opinion had been filed, the court below noted in a subsequent order that the additional allegations contained in the proffered amendments were considered in its opinion. Since appellant does not suggest any reason whatsoever for contradicting this conclusion, and the record discloses none, we see no basis for disturbing the determination made below.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.