## Commonwealth *v.* Grays, Appellant.

Submitted November 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 3, 1968:

Although it has been said that no case has an identical twin, the degree of consanguinity between the present case and the problem recently resolved in *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968), would cast some doubt upon the validity of this maxim. Thus, we are again faced with a challenged guilty plea, a trial record which fails to demonstrate that the plea was entered knowingly and intelligently and testimony by appellant indicating that in fact neither counsel nor the court below explained the possible consequences attendant upon entry of a plea of guilty.

Appellant Grays in 1954 pled guilty to murder generally and, after a finding by the court en banc that Grays' acts constituted murder in the first degree, was sentenced to life imprisonment. An appeal to this Court resulted in an affirmance. See *Commonwealth v. Grays,* 380 Pa. 77, 110 A. 2d 422 (1955).[1] Appellant on May 3, 1967 filed his first attempt to obtain collateral relief; a hearing was held by the court below and its denial appealed.

Grays, a Negro with a seventh grade education in the North Carolina segregated schools, testified at his hearing that trial counsel (now deceased) advised him to plead guilty to murder generally on the basis of an alleged conversation between counsel and one of the trial judges. The substance of this conversation was

---

[1] Appellant was one of the participants in a gangland style killing. His only contention on appeal was that, since he did not fire the fatal shot, he could not be convicted of murder in the first degree.

that the trial judge had informed counsel that a guilty plea would result in a conviction of voluntary manslaughter and a sentence of six years. Grays further testified that trial counsel assured him that if a higher sentence were imposed, a new trial could be obtained. Appellant's wife testified that on the day of trial she was informed by counsel that "[i]f he pleads guilty and they find him guilty he can appeal for a new trial, but if he pleads not guilty and they find you guilty then he wouldn't be entitled to a new trial." The Commonwealth made an attempt to discredit appellant's testimony on cross-examination but did not offer any evidence to rebut appellant's version.[2]

This Court is now urged to adopt a doctrine that, where the prisoner's testimony is sufficient, if believed, to constitute the basis for a finding that his plea was not constitutionally valid, the burden shifts to the Commonwealth to rebut this testimony upon penalty of issuance of the writ. A similar contention was rejected in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967), a collateral attempt involving an allegation of ineffective counsel. We there said (427 Pa. at 608, 235 A. 2d at 354) : "We can find no justification, however, for such an allocation of the burden of proof. As with other assertions of a denial of constitutional rights in post-conviction proceedings, the burden remains throughout with the prisoner to demonstrate any constitutional deprivation." See also *Commonwealth v. Hill,* 427 Pa. 614,

---

[2] Appellant insists that evidence was available to the Commonwealth and suggests that it could have adduced testimony as to the general competence of trial counsel. We fail to see the relevance of such testimony for the issue is exactly what transpired between counsel and client. It is also suggested that trial counsel's records and files were available to rebut appellant's testimony. If the Commonwealth is content to rest upon the possibility that the trial judge will disbelieve the prisoner, we see no reason to insist that it do more.

235 A. 2d 347 (1967). Since the court below obviously chose to disbelieve appellant's testimony,[3] this burden was not met and the denial of relief is accordingly affirmed.

We stressed in *Commonwealth ex rel. West v. Rundle,* supra, and reiterate here that under a system in which approximately 60 per cent of all defendants plead guilty,[4] the integrity of these pleas is essential. This can be best accomplished by an on the record inquiry sufficient to demonstrate "that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences."[5] Id. at 106, 237 A. 2d at 198. In the absence

---

[3] The trial court did not write an opinion, a document often helpful to this Court when called upon to review this type of case in which the decision turns upon the believability of prisoner testimony. However, a hearing would not have been granted unless the facts alleged in the post-conviction petition, if true, would have entitled appellant to relief. See, e.g., *Commonwealth ex rel. Kern v. Maroney,* 423 Pa. 369, 223 A. 2d 706 (1966). Denial of relief below is therefore equivalent, under the circumstances of this case, to a trial court finding that appellant's testimony was not sufficiently credible.

Appellant's post-conviction application also asserted that an involuntary confession was introduced at the proceeding held to determine degree of guilt, but there was no allegation that the primary motivation for the plea was the confession. Since this contention was not pressed at the hearing and is not now asserted, we conclude that it has been abandoned. Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965), 1580, §4, 19 P.S. §1180-4 (Supp. 1966).

[4] See *Commonwealth ex rel. West v. Rundle,* supra at 105 n.4, 237 A. 2d 198 n.4; *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 345 n.5, 223 A. 2d 699, 703 n.5 (1966).

[5] The record colloquy here, although perhaps adequate by 1955 standards, does not fully inform the prisoner of the consequences of his plea.

"THE COURT: Mr. Back, does he understand the significance of this plea? MR. BACK (defense counsel): Yes, sir. THE COURT: Have

of such a recorded inquiry or testimony from trial counsel, the hearing court is forced to disbelieve the prisoner or grant the writ. Recognizing that the prisoner has a powerful incentive to forget at the post-conviction hearing what he may have been told before his trial, we cannot accept the proposition advanced by appellant. Yet it is equally true that not all prisoners are subject to memory lapses. A proper balance between continued validity of a guilty plea and the constitutional mandate that a plea be knowingly and intelligently entered can best be maintained by recorded indicia of the crucial event.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

you explained it to him thoroughly? MR. BACK: Yes. THE COURT: You understand what it means to plead guilty to a charge of murder? Your lawyer has explained that to you? THE DEFENDANT: He explained it to me. THE COURT: He has told you what the penalty might be? THE DEFENDANT: He has told me what the penalty might be." At the hearing appellant insisted that his affirmative responses to the court were made on the basis of his belief that the questions asked referred to counsel's alleged conversation with the trial court. Thus, according to appellant, the penalty for his acts was to be six years incarceration.