**643**

UNITED STATES of America ex rel.
Charles GRAYS

v.

Alfred T. RUNDLE, Supt.

Misc. No. 3903.

United States District Court
E. D. Pennsylvania.

Nov. 20, 1968.

John W. Packel, Philadelphia, Pa.,
Voluntary Defender, for plaintiff.

Arlen Spector, Dist. Atty., Philadelphia, Pa., for defendant.

OPINION AND ORDER

TROUTMAN, District Judge.

On January 26, 1954, in the Criminal
Courts of Philadelphia County, Pennsylvania, relator entered a plea of guilty

to a general charge of murder. A three-judge court was impanelled which fixed the degree of the crime at murder in the first degree and sentenced relator to life imprisonment. On direct appeal to the Pennsylvania Supreme Court, at which time relator contended that the evidence was insufficient to support a first-degree murder conviction, his conviction and sentence were affirmed. Commonwealth v. Grays, 380 Pa. 77, 110 A.2d 422 (1955). On May 3, 1967, relator filed a Post-Conviction Hearing Act petition, 19 P.S. § 1180–1 et seq., in the State courts, contending that his guilty plea was not entered intelligently and voluntarily; a hearing was held by the lower court and the relief requested denied; on appeal to the Pennsylvania Supreme Court the lower court was affirmed. Commonwealth v. Grays, 428 Pa. 109, 237 A.2d 198 (1968).

Presently before this Court for disposition is relator's petition for a writ of habeas corpus in which he contends that the Commonwealth at the time of the hearing before the three-judge panel withheld certain evidence favorable to him and in which he again attacks the voluntary nature of his guilty plea. The Clerk of the Criminal Courts of Philadelphia County was ordered to produce the State Court record and the District Attorney of Philadelphia County was ordered to show cause why a writ of habeas corpus should not be granted. In his answer to the order to show cause, the District Attorney disputed the factual allegations contained in relator's petition, primarily with respect to the voluntary nature of his guilty plea. To resolve these factual questions, counsel was appointed for relator and an evidentiary hearing was conducted in this Court.[1]

The first contention advanced by relator is that evidence which would have tended to reduce his conviction to something less than first degree murder was withheld by the Commonwealth from consideration by the three-judge panel. His contention that the Commonwealth possessed such evidence is based upon inferences which relator has drawn from the testimony actually presented to the three-judge panel. Not only has the Commonwealth denied that it possesses such evidence, but our examination of the testimony presented to the three-judge panel discloses that relator's contention is unsupported by the record, inferentially or otherwise. Indeed, relator's counsel, both in his brief and at the hearing, indicated to the Court that he was not pressing it.

The principal contention advanced by relator concerns the voluntary nature of his guilty plea. In that connection, relator alleges that his rights to due process were violated in that the three-judge panel, before accepting relator's guilty plea, failed to inquire as to whether he understood the nature and consequences of his plea. He further alleges that his rights to due process were violated in that his guilty plea was induced by his trial counsel who advised him that one member of the three-judge panel had made a commitment concerning the degree of the crime to be fixed and the sentence to be imposed, which he did not honor.

It is undisputed, and the State Court record so indicates, that the trial

---

1. An evidentiary hearing was conducted in this Court even though the State court had previously conducted a hearing on the same issues here involved. If the hearing conducted by the State court adequately complies with the tests established by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), as codified at 28 U.S.C. § 2254, an evidentiary hearing need not be afforded a State prisoner in the Federal Court. Wade v. Yeager, 377 F.2d 841 (3rd Cir. 1967). Although we do not believe *Townsend*, supra, mandated an evidentiary hearing in this Court, as a discretionary matter we conducted such a hearing so as to afford relator an opportunity to clarify his position and to afford the District Attorney an opportunity to introduce into evidence anything which might be disclosed by a search of the records and files of relator's trial counsel (now deceased). No such search had been made in conjunction with the State court hearing.

court did not inquire into the voluntary nature of relator's guilty plea.[2] Where the defendant is not represented by counsel in the State Court, whether the plea of guilty is voluntarily and intelligently made can only be determined by an on-the-record inquiry sufficient to demonstrate that the defendant understands the nature of the charges, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences. United States ex rel. McDonald v. Commonwealth, 343 F.2d 447 (3rd Cir. 1965); see also United States ex rel. Slebodnik v. Commonwealth, 343 F.2d 605 (3rd Cir. 1965). But where, as here, relator was represented by counsel at all the critical stages of the criminal proceedings, including the time of the guilty plea, " * * * the mere failure of the criminal court to inquire into the voluntary nature of a guilty plea does not automatically render it involuntary * * * ". United States ex rel. Crosby v. Rundle, 275 F.Supp. 707, 710 (E.D.Pa.1967). See also United States v. Miller, 243 F.Supp. 6 (E.D.Pa. 1965), aff'd per curiam, 356 F.2d 515 (3rd Cir. 1966), cert. den. 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966). Rather, the totality of circumstances surrounding the plea must be considered in any given case so as to determine its voluntary nature. United States ex rel. Crosby v. Rundle, supra.

Concerning the plea which was entered in this case, the facts, as they appear from the State Court record and the notes of testimony of the hearing conducted in this Court, are briefly as follows: Relator has a seventh grade education in the North Carolina segregated schools. He testified that trial counsel, who is now deceased, advised him to plead guilty to murder generally based upon a conversation had between counsel and one of the trial judges impanelled to fix the degree of the crime. The substance of this conversation was that the trial judge had assured counsel that he was familiar with the case and that a guilty plea would result in a maximum sentence of from six to twelve years. He further testified that if a sentence in excess of from six to twelve years was imposed, his counsel advised him that a new trial could be obtained.

Relator's wife testified at the State Court hearing. In her absence, her testimony in the State Court was admitted into evidence in this Court with the consent of the District Attorney.[3] She testified at the State Court hearing that she was present in the courtroom on the day relator decided to plead guilty. She stated that she heard no assurances made to relator by trial counsel to the effect that a guilty plea to murder generally would result in a maximum sentence of from six to twelve years. She further testified that she was summoned from the back of the courtroom by trial counsel and in response to her question why relator should plead guilty, counsel replied: "If he pleads guilty and they find him guilty he can appeal for a new trial, but if he pleads not guilty and

---

2. The record colloquy as set forth on page 3 of the State Court record is as follows:

"The Court: Mr. Back, does he understand the significance of this Plea? Mr. Back (defense counsel): Yes, sir. The Court: Have you explained it to him thoroughly? Mr. Back: Yes. The Court: You understand what it means to plead guilty to a charge of murder? Your lawyer has explained that to you? The Defendant: He explained it to me. The Court: He has told you what the penalty might be? The Defendant: He told me what the penalty might be".

3. It is difficult, if not imposible, to assess the credibility of relator's wife without her actually testifying before this Court. However, the substance of what relator's wife contends trial counsel told her concerning the advisability of having relator plead guilty is incredible. So much so, that even assuming trial counsel did represent something to her, it is doubtful whether her recollection of it is entirely accurate. For that reason, we did not feel the testimony of relator's wife added much, if anything, to the case and therefore admitted into evidence her testimony before the State Court.

they find you guilty then he wouldn't be entitled to a new trial".

Neither in this Court nor in the State Court has the Commonwealth offered any evidence to refute relator's version of what transpired before he entered his guilty plea. The District Attorney has assured this Court, and has so stated for the record, that he has made every effort to find the records and files of relator's trial counsel. An examination of those he has been able to locate has disclosed nothing pertaining to relator's case. For that reason, the Commonwealth has limited its case to attempts to discredit relator's testimony on cross-examination.

■ Certainly if we accept the testimony of relator and his wife, it requires no citation of authority for the proposition that where an accused enters a plea of guilty on the basis of a commitment made to him by the Court, and the Court fails to honor that commitment, the resulting conviction and sentence are not constitutionally valid. The same is true where counsel misrepresents that a commitment has been made by the Court and the accused enters a guilty plea on that basis.

Our examination of the entire record discloses nothing other than the testimony of relator and his wife which would support relator's allegation that it was represented to him by trial counsel that a commitment was made by the Court and that he entered a plea of guilty on that basis. However, there are certain factors in the record which detract from the truth of relator's allegations: Under the circumstances surrounding the murder in this case for which relator was arrested and indicted, it is difficult to conceive of why anyone would assure him of a sentence of from six to twelve years in return for a guilty plea; in fact, in his brief on direct appeal trial counsel conscientiously pressed only for murder in the second degree which carries with it a maximum penalty of twenty years. Relator did advise the trial court that he understood the significance of the guilty plea and that the possible consequences of such a plea were explained to him by his trial counsel. In his post-conviction petition filed in the State Court he alleged that trial counsel advised him that a guilty plea would result in a conviction of second degree murder, whereas he testified that trial counsel advised him that it would result in a maximum sentence of from six to twelve years.[4] On direct appeal to the Pennsylvania Supreme Court, which was made while trial counsel was still alive and representing relator, the only ground for reversal advanced by relator was the legal sufficiency of the evidence to sustain a first degree murder conviction;[5] and now, thirteen years after his conviction and sentence, and after the death of his trial counsel, relator seeks to collaterally attack the voluntary nature of his guilty plea.[6]

■ Relator has attempted to explain away all those factors which detract from

4. The maximum possible sentence in Pennsylvania for voluntary manslaughter is twelve years, 18 P.S. § 4703; for second degree murder it is twenty years, 18 P.S. § 4701.

5. Indeed, in his brief on direct appeal to the Pennsylvania Supreme Court, which has been admitted into evidence in this Court, trial counsel stated that the "plea was entered generally and there was no certification [by the District Attorney] that the crime would not rise to murder in the first degree". Although it does not meet the question of whether representations were made to relator concerning a commitment made by the Court, the statement does suggest that from the viewpoint of trial counsel relator's plea was voluntary and that no commitment was made by the trial court nor were any misrepresentations concerning a commitment made to relator.

6. The trial judge who allegedly made the commitment on behalf of the Court is the same judge who presided at the hearing in connection with relator's collateral attack on his guilty plea in the State Court. The denial by the judge of relator's request for relief is at least an implicit repudiation of the contention that the judge made a commitment on behalf of the Court prior to the entry of relator's guilty plea.

the truthfulness of his allegations. However, the explanations given by relator are not at all convincing. We are forced to conclude, and do so find, that relator's trial counsel did not represent to him that a commitment of from six to twelve years had been made by the Court if he pled guilty and that his plea therefore was knowingly and voluntarily entered.

■ It may well have been that relator's trial counsel expressed his opinion as to what degree of murder would be fixed and as to what sentence would be imposed if relator pled guilty. But if trial counsel explained to relator that he was merely expressing an opinion, and fully explained the nature and possible consequences of a plea to murder generally, a guilty plea entered on that basis is constitutionally valid.

■ Relator's counsel argues that since credible evidence was offered by relator and his wife, and since there has been no contradictory testimony offered by the Commonwealth, this Court must find that relator's guilty plea was improperly induced. This contention begs the very question which this Court must ultimately decide, namely, whether the evidence offered by relator when viewed in the light of all of the circumstances surrounding this case is sufficient to justify a finding that the guilty plea was improperly induced. The burden of persuasion in that regard rests upon relator. United States v. Shneer, 194 F.2d 598, 600 (3rd Cir. 1952): United States ex rel. Fink v. Rundle, 293 F.Supp. 1124 (E.D.Pa. June 18, 1968). Moreover, the District Attorney has represented to this Court on the record that his efforts to obtain evidence to rebut relator's version of what transpired prior to the entry of the guilty plea have proved unavailing. There is simply no contradictory testimony available to the Commonweath which might be offered into evidence.

Accordingly, relator's petition for a writ of habeas corpus will be denied.

There is probable cause for an appeal.