419 F.2d 116
 UNITED STATES of America ex rel. Ralph E. HUGHES, Appellant,
v.
Alfred T. RUNDLE, Superintendent, State Correctional Institution, Graterford, Pennsylvania, District Attorney for Philadelphia County.
 No. 17849.
 United States Court of Appeals Third Circuit.
 Argued October 7, 1969.
 Decided November 14, 1969.
 
 John H. Lewis, Jr., Philadelphia, Pa., for appellant.
 Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.
 Before McLAUGHLIN, FORMAN, and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 On April 4, 1948, Ralph E. Hughes, the appellant, pleaded guilty to an indictment alleging aggravated robbery and the operation of a motor vehicle without the consent of the owner. He was sentenced to a term of 10 to 20 years.[1] Following several unsuccessful attempts to secure post-conviction relief in the Pennsylvania and Federal courts, the Superior Court of Pennsylvania remanded appellant's second petition to the Court of Quarter Sessions of Philadelphia County for appointment of counsel and further proceedings,[2] whereupon counsel was appointed for appellant and an evidentiary hearing was held on February 16, 1968. At that hearing the appellant contended that his 1948 plea of guilty was induced by a coerced confession; that it was predicated upon inadequate and ineffective advice of counsel; that the trial court denied him due process of law by failing to inquire whether the plea of guilty was a knowing and voluntary act, and that he was deprived of effective assistance of counsel at sentencing. After hearing testimony both by appellant and counsel who represented him at the time of his 1948 plea, the court filed an opinion denying his petition for post-conviction relief.[3]
 
 
 2
 Appellant then filed a petition for habeas corpus in the United States District Court for the Eastern District of Pennsylvania alleging the same grounds. Upon carefully reviewing the notes of testimony of appellant's criminal proceeding and his post-conviction hearing transcript, the District Court, without a hearing and without oral argument, approved the state court's findings and denied the petition.[4]
 
 
 3
 The appellant now reiterates his contentions as above, and argues that the District Court erroneously resolved them. We find, however, that it correctly disposed of them for the reasons it assigned.
 
 
 4
 Additionally, appellant argues that the District Court erred in dismissing the petition without a hearing and without oral argument. The District Court concluded that the state court had afforded appellant a full hearing on the issues and that its findings were sound and entirely justified, thus satisfying the test in Townsend v. Sain.[5] An independent review of the record confirms the findings of the District Court and we conclude that it was under no obligation to conduct an evidentiary hearing. Since there is no allegation that appellant's arguments were not adequately set forth in his brief, the District Court's decision not to hear oral argument was within its proper discretion.[6]
 
 
 5
 As to appellant's assertion at oral argument that the recent decision of Boykin v. Alabama[7] controls this case, we find that the doctrine enunciated in Boykin should not be applied retroactively here. Although previously we have not had occasion to pass on this question, the Supreme Court of Pennsylvania in a well-reasoned opinion in Commonwealth v. Godfrey,[8] declined to accord retroactivity to this doctrine. We adopt the holding and reasoning set forth therein. We note that the court was influenced by Halliday v. United States,[9] which refused to give retroactive effect to McCarthy v. United States.[10] In McCarthy the failure of a federal court to comply with the guilty plea inquiry procedure outlined in Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C., necessitated a reversal of the conviction and required that the defendant be afforded an opportunity to plead anew.
 
 
 6
 Accordingly, the order of the United States District Court for the Eastern District of Pennsylvania of February 10, 1969, will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant was paroled in 1958 but he was returned in 1963 as a convicted parole violator and his new maximum date was set at August 4, 1972. For the burglary committed during his parole, a sentence of 10 to 20 years was imposed consecutive to the term now being served
 
 
 [2]
 Commonwealth v. Hughes, No. 959 (December, 1, 1967)
 
 
 [3]
 Commonwealth v. Hughes, Court of Quarter Sessions of Philadelphia County, per order of Kelley, J., of March 27, 1968. The Superior Court of Pennsylvania affirmed. Commonwealth v. Hughes, 213 Pa.Super. 716, 244 A.2d 162 (1968). The Supreme Court of Pennsylvania denied appellant's petition for allocator on October 14, 1968
 
 
 [4]
 United States ex rel. Hughes v. Rundle, No. M-4255 (E.D.Pa., February 10, 1969)
 
 
 [5]
 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)See United States ex rel. Darrah v. Brierley, 415 F.2d 9 (3 Cir. 1969); United States ex rel. Rowles v. Myers, 407 F.2d 1332 (3 Cir. 1969); United States ex rel. Butler v. Brierley, 387 F.2d 127 (3 Cir. 1967).
 
 
 [6]
 United States ex rel. Darrah v. Brierley,supra.
 
 
 [7]
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969)
 
 
 [8]
 434 Pa. 532, 254 A.2d 923 (1969)
 
 
 [9]
 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969)
 
 
 [10]
 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)