**UNITED STATES of America ex rel. Charles GRAYS, Appellant,**

v.

**Alfred T. RUNDLE, Supt.**

**No. 17698.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs Oct. 3, 1969.

Argued May 26, 1970.

Decided July 17, 1970.

Martha F. Alschuler, University of Pennsylvania Law School, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Chief, Appeals Division, Philadelphia, Pa., for appellee.

Submitted Oct. 3, 1969

Before STALEY, SEITZ and VAN DUSEN, Circuit Judges.

Argued May 26, 1970

Before HASTIE, Chief Judge, and STALEY, FREEDMAN, SEITZ, VAN

DUSEN, ALDISERT, ADAMS and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a District Court order and opinion,[1] denying relator's petition for a writ of habeas corpus. See United States ex rel. Grays v. Rundle, 293 F.Supp. 643 (E.D.Pa.1968). Relator, with counsel present, had entered a plea of guilty to murder generally in the Philadelphia state criminal court on January 26, 1954.[2] After entry of the plea, a hearing was held to determine the applicable degree of murder. The court found relator guilty of first degree murder and sentenced him to life imprisonment. On appeal, relator's counsel contended that the facts did not justify a finding of murder in the first degree, but this contention was rejected. See Commonwealth v. Grays, 380 Pa. 77, 110 A.2d 422 (1955).[3] After serving more than 12 years in prison, relator, for the first time, sought collateral relief in the state court by filing a petition under the Pennsylvania Post Conviction Hearing Act (19 P.S. § 1180–1 ff.),[4] claiming that his guilty plea had been unlawfully induced and that a coerced confession had been illegally received in evidence at the above-mentioned hearing.[5] This petition alleged that relator's counsel "advised petitioner to change his plea to guilty declaring the degree could rise no higher than second degree in any case" and such "a plea * * * would substantially minimize the degree." Also relator testified that such counsel told him, prior to the entry of the plea, that one of the hearing judges said that relator would have a new trial if a sentence of more than 6 to 12 years was imposed.[6] After a hearing in July 1967, the petition was denied by the trial court and such denial was af-

---

1. This opinion and order followed an evidentiary hearing in the District Court, where relator was represented by counsel. The District Court opinion contains this explanation at footnote 1:

 "Although we do not believe *Townsend,* supra, mandated an evidentiary hearing in this Court, as a discretionary matter we conducted such a hearing so as to afford relator an opportunity to clarify his position and to afford the District Attorney an opportunity to introduce into evidence anything which might be disclosed by a search of the records and files of relator's trial counsel (now deceased)."

2. The colloquy which took place between the court and relator's counsel at the time of the plea of guilty appears at footnote 2 of the District Court opinion (293 F.Supp. at 645). Both the allegations of the petition (par. 5, 1, b) and the relator's testimony in the District Court (N.T. 58) show that relator knew that the "electric chair" was a possible penalty for the crime for which he was charged.

3. This opinion recites the background facts of what the Supreme Court of Pennsylvania later described as a "gangland style killing." Commonwealth v. Grays, 428 Pa. 109, 110 n. 1, 237 A.2d 198, 199 n. 1 (1968).

4. It is noted that relator did not bring his application for collateral relief until his counsel had died and was thus unavailable to testify.

5. The Supreme Court of Pennsylvania made this comment on the relator's claim of an alleged coerced confession (428 Pa. at 112 n. 3, 237 A.2d at 200 n. 3):

 "Appellant's post conviction application also asserted that an involuntary confession was introduced at the proceeding held to determine degree of guilt, but there was no allegation that the primary motivation for the plea was the confession. Since this contention was not pressed at the hearing and is not now asserted, we conclude that it has been abandoned. Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965), 1580, § 4, 19 P.S. § 1180–4 (Supp.1966)."

6. The Pennsylvania Supreme Court stated:
 " * * * a hearing would not have been granted unless the facts alleged in the post conviction petition, if true, would have entitled appellant to relief. See, e. g., Commonwealth ex rel. Kern v. Maroney, 423 Pa. 369, 223 A.2d 706 (1966). Denial of relief below is therefore equivalent, under the circumstances of this case, to a trial court finding that appellant's testimony was not sufficiently credible." *Id.* See, also note 7, *infra.*

firmed. See Commonwealth v. Grays, 428 Pa. 109, 237 A.2d 198 (1968).

 Assuming that the state trial court did not conduct, at the time of accepting the guilty plea, an inquiry sufficient to establish that the plea was knowingly and understandingly made, the totality of the circumstances in the record before the District Court, which included the transcript of the 1954 hearing as well as the 1967 hearing on the post-conviction petition, justified the District Court's findings and conclusions that the plea was "knowingly and voluntarily entered" and was not "improperly induced" (293 F.Supp. at 647).[7] The Supreme Court of the United States has recently recognized that a plea entered by a counseled defendant, even though there was a prior confession, now claimed to be coerced, which might have been offered against him, has a presumption of validity which sustains it against collateral attack. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 463 (1970), where the Court said:

"The issue on which we differ with the Court of Appeals arises in those situations involving the counselled defendant who allegedly would put the State to its proof if there was a substantial enough chance of acquittal, who would do so except for a prior confession which might be offered against him, and who because of the confession decides to plead guilty to save himself the expense and agony of a trial and perhaps also to minimize the penalty which might be imposed. After conviction on such a plea, is a defendant entitled to a hearing, and to relief if his factual claims are accept-

ed, when his petition for habeas corpus alleges that his confession was in fact coerced and that it motivated his plea? We think not if he alleges and proves no more than this.

\* \* \* \* \* \*

"\* \* \* a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney. For the respondents in these cases successfully to claim relief based on Jackson v. Denno, each must demonstrate gross error on the part of counsel when he recommended that the defendant plead guilty instead of going to trial and challenging the New York procedures for determining the admissibility of confessions.

\* \* \* \* \* \*

"It is no denigration of the right to trial to hold that when the defendant waives his state court remedies and admits his guilt, he does so under the law then existing; further, he assumes the risk of ordinary error in either his or his attorney's assessment of the law and facts. Although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."[8]

We have recently held that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), relied on by relator, is not to be applied retroactively. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969); see Commonwealth

---

7. The District Court found, after a review of all the evidence, that the testimony of relator (293 F.Supp. at 646–647) and that of his wife (293 F.Supp. at 645 n. 3) were not credible.

8. Similarly, the same Court said in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

"We decline to hold, however, that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged."

v. Godfrey, 434 Pa. 532, 254 A.2d 923 (1969).

■ Under the circumstances presented by this record,[9] the District Court did not err in placing the burden of persuasion upon the relator to show that his plea was not entered as an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences."[10] See Walker v. Johnston, 312 U.S. 275, 287, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941), where the Court, in remanding for a hearing in the District Court to determine the voluntariness of the guilty plea, used this language:

> "Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried *his burden of proof* and shown his right to a discharge." [Emphasis supplied.] (quoted with approval in Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962))

See McMann v. Richardson, *supra* (last sentence of quotation on p. 5 above). To the extent that our opinions in United States ex rel. McCloud v. Rundle, 402 F.2d 853, 858 (3rd Cir. 1968); United States ex rel. Crosby v. Brierley, 404 F.2d 790, 795–796 (3rd Cir. 1968); and United States ex rel. Fink v. Rundle, 414 F.2d 542, 546 (3rd Cir. 1969), are inconsistent with this decision, involving a 1954 plea, they are not to be followed.

The court expresses its appreciation for the able presentation of, and the helpful briefs filed by, appointed counsel for the relator.

The order of the District Court will be affirmed.

FREEDMAN, Circuit Judge (concurring).

We granted rehearing on this case in order that the court en banc might consider the difficult question of where the burden of proof lies when a claim is made that a plea of guilty in a state court was not knowingly entered and the contemporary record is either silent or inadequate as to an inquiry by the judge concerning the defendant's knowledge of the charge and the consequences of his acknowledgement of guilt.

For future cases the question is now governed by Boykin v. Alabama, 395 U. S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which requires the state court record to disclose that a plea of guilty was knowingly and voluntarily made and establishes a prophylactic per se rule invalidating a plea if the record is silent. We have held, however, that *Boykin* is prospective only.[1] The problem, therefore, continues to exist where the plea under attack predated the decision in *Boykin* on June 2, 1969.

It is precisely in past cases where there is a silent record that the significance of the allocation of the burden of proof is magnified and often will be decisive. For, of course, the evidence must come from those who are familiar with the transaction, who will usually be the prosecutor, the judge, the defendant and his lawyer, if he had one at the time. If the burden of proof is placed on the state it will have the evidence of the prosecutor and the judge, if they are still available, but they can hardly be expected to recall the facts in any one of numerous long past cases. And if the state should call the defendant, he will obviously be a hostile witness. If on the other hand the burden of proof is placed on the defendant, it would appear to be

---

9. In this record, relator had counsel and there is no evidence, found by the court to be credible, of incompetent advice of such counsel. There was no evidence of an admitted plea agreement. Compare Bailey v. McDougall, 392 F.2d 155 (4th Cir. 1968), relied on by relator, where the terms of an admitted plea agreement were in issue.

10. See Brady v. United States, *supra*.

1. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3 Cir. 1969); United States ex rel. Fear v. Commonwealth of Pennsylvania, 423 F.2d 55 (3 Cir. 1970); United States ex rel. Wiggins v. Pennsylvania, 430 F.2d 650 (3 Cir. 1970).

easier for him to bear it. For he is available to testify on his own behalf and also may call the lawyer who represented him at the plea. In fact, however, the advantage is more apparent than real. For the defendant's credibility is affected by his strong self-interest, and the lawyer who represented him may, as in this case, no longer be available and, even if he is, has a fundamental interest in justifying the conduct he advised.

We had this problem presented to us in a number of cases and adopted the view that the Constitution requires that in case of a silent or inadequate record, the burden of proving that a plea of guilty was knowingly and voluntarily made rests on the state. See United States ex rel. McCloud v. Rundle, 402 F. 2d 853 (3 Cir. 1968); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3 Cir. 1968); United States ex rel. Fink v. Rundle, 414 F.2d 542 (3 Cir. 1969).

Since we ordered rehearing in this case to reconsider the problem a fresh element has appeared in the decisions of the Supreme Court of the United States in McMann v. Richardson,[2] Brady v. United States[3] and Parker v. North Carolina,[4] all handed down on May 4, 1970.

The *McMann* trilogy, however, is not based on a silent or inadequate record, nor does it decide where the burden of proof lies in an attack on a plea of guilty. Indeed, there are indications that there was no inadequacy in the records of the pleas of guilty there and that the claims went to matters which would not have been revealed by a full inquiry. In any event, while there may be much speculation regarding the effect of these significant decisions, we need not determine at this time the boundaries by which they are confined. What is significant for the present case is that the Court placed repeated emphasis on the presence of competent counsel when a plea of guilty is entered as an assurance that it is done with a full understanding of the charge and the possible consequences of the plea.

I would apply this fundamental distinction in determining the allocation of the burden of proof in cases such as this. The layman's notion of a plea of guilty is that it means simply that he has committed the act charged. He would hardly be expected to know the technical ingredients of the crime, the elements which the state must prove to establish it, the defenses which he might raise to it, or the nature and extent of the punishment which may be imposed if he is found guilty. It is for this reason that a defendant is entitled to counsel when he enters a plea of guilty and that the plea is invalid if it is entered without the assistance of counsel unless the right to counsel is waived.[5]

Where the defendant pleads guilty with the advice of counsel, however, there is no reason to presume that he was ignorant of the nature of the charge or the consequences of the plea. Indeed, the more rational assumption is that all the necessary considerations which should have been recorded at the guilty plea proceedings were canvassed with him by his counsel before the decision to plead guilty was reached. In such a case, therefore, even though the record is silent, we should presume that the plea of guilty was voluntarily entered as an intelligent and knowing act rather than presume the contrary.[6]

2. 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

3. 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

4. 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

5. See Brady v. United States, 297 U.S. p. 748 n. 6, 90 S.Ct. p. 1469, and cases there cited.

6. It is true that there is language in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), which may appear to imply that the burden rests on the government to prove that a guilty plea is voluntary. The Court. there, however, was not dealing with the burden of proof, nor with a constitutional question (see *Halliday* at 832, 89 S. Ct. 1498), but rather with the per se

I therefore would adopt a standard in pre-*Boykin* cases which depends upon whether the defendant was represented by counsel. If he had no counsel,[7] the rule should remain as in *McCloud, Crosby* and *Fink* that the burden of proof is on the state to show that the plea was knowingly and voluntarily made. If he had counsel, however, the burden should rest on the defendant to prove that his plea of guilty was not knowingly and voluntarily made, and to the extent that *McCloud, Crosby* and *Fink* are inconsistent with this view, I would hold that they are no longer to be followed.

Since the defendant in this case was represented by counsel when he pleaded guilty in the state court, the district court correctly placed the burden upon him to overcome his plea. Its finding that the defendant did not meet his burden is fully justified by the evidence and therefore should be sustained.

I therefore concur in affirming the order of the district court.

SEITZ and ADAMS, Circuit Judges, join in this Opinion.

---

rule of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), invalidating federal guilty pleas on a silent or inadequate record for violation of Rule 11 of the Federal Rules of Criminal Procedure. It held that in pre-*McCarthy* cases where the record did not disclose compliance with Rule 11,

*McCarthy* does not retrospectively apply, but that defendant still may challenge the voluntariness of his plea on factual grounds.

7. If the defendant did not waive his right to counsel, the plea may be invalid without more. See supra, n. 5.