UNITED STATES of America ex rel.
William O. JONES

v.

Harry RUSSELL, Supt.

Civ. A. No. 70-8.

United States District Court,
E. D. Pennsylvania.

Oct. 13, 1970.

———◆———

William O. Jones, pro se.

Henry J. Rutherford, Asst. Dist. Atty., Lancaster, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator, William O. Jones, who is presently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania, has filed with this Court a petition for a writ of habeas corpus. Relator pled guilty to murder generally on Bill of Indictment Number 48, March Term 1950, and on June 16, 1950, a two-judge panel determined that relator was guilty of murder in the first degree and sentenced him to life imprisonment.

In June 1965, relator filed a habeas corpus petition in Lancaster County. This petition was dismissed by the Court of Common Pleas.

On November 2, 1966, an evidentiary hearing was held on relator's Post Conviction Hearing Act petition which had been filed in May of that year. In this petition relator raised two issues: (1) that his guilty plea was not knowingly and voluntarily made and (2) that the crime did not rise to murder in the first degree. The hearing court granted relator the right to file a motion for a new trial nunc pro tunc. Relator filed a Motion in Arrest of Judgment and To Withdraw Plea of Guilty. This motion was dismissed on May 12, 1967. The denial was appealed to the Supreme Court of Pennsylvania which affirmed the denial in a per curiam opinion. Commonwealth v. Jones, 430 Pa. 485, 243 A.2d 420 (1968). Since the present petition raises the identical issues which were decided in the state courts, relator has exhausted his state court remedies in compliance with 28 U.S.C.A. § 2254(b). The Court has the complete state court record, including the notes of testimony of the Post Conviction hearing at which time testimony

was taken on the exact questions presently at issue. There is no need for an independent evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C.A. § 2254(d).

Relator's first contention is that his plea was involuntary. In order for a guilty plea to be valid it must have been made voluntarily, Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942), as well as knowingly and intelligently, Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3rd Cir. 1968). The state court record in the instant case is devoid of any inquiry by the court that the plea was entered voluntarily and knowingly. In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), the Supreme Court established a prophylactic per se rule which would invalidate such a plea. However, this Circuit has held that *Boykin* is not to be applied retroactively. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969); United States ex rel. Bresnock v. Rundle, 300 F. Supp. 264 (E.D.Pa.1969). Moreover, in the recent case of United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. filed July 17, 1970), this Circuit, sitting en banc, has determined that where the relator is represented by counsel, the burden of proof for invalidating a guilty plea is on the relator.[1] See also, United States ex rel. Kidd v. Commonwealth of Pennsylvania, 320 F.Supp. 1201 (E.D.Pa. filed October 1, 1970). Since in the instant case relator was ably represented by counsel, the burden of showing that the guilty plea was unlawful falls on relator.

---

1. Judge Freedman, in his concurring opinion in the *Grays* case specifically stated that the decision to place the burden of proof on the relator where he has been represented by counsel overrules several earlier Third Circuit opinions. United States ex rel. Fink v. Rundle, 414 F.2d 542 (3rd Cir. 1969); United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3rd Cir. 1968); United States ex rel. Mc-Cloud v. Rundle, 402 F.2d 853 (3rd Cir. 1968). However, these cases would remain the law in situations where relator was not represented by counsel. United States ex rel. Grays v. Rundle, *supra*, 428 F.2d at p. 1406.

■ In support of this contention relator asserts that the District Attorney threatened to seek the death penalty if relator demanded a jury trial.[2] It does appear from the notes of testimony from the Post Conviction hearing that the District Attorney informed relator's counsel that he was going to seek the death sentence and that this information was passed on to the relator (N.T. 9; 15, 31–32).

■ The mere fact that the guilty plea was in part motivated by the fear of a possible death sentence does not, in itself, vitiate an otherwise lawful guilty plea. *See* Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Rather, the lawfulness of the plea must be determined by considering all of the relevant circumstances which surrounded the plea in question. United States ex rel. Crosby v. Brierley, 404 F. 2d 790 (3rd Cir. 1968).

■ Relator, who at the time of the incident was twenty-one years old and had a fifth grade education, was arrested on March 5, 1950, only a few short hours after the altercation with the victim Ernest Bosley. Later that same day he signed a confession. The stabbing took place at a party in the presence of approximately twelve to fifteen persons. These people witnessed a fight between relator and the deceased, saw relator enter the kitchen and after the lapse of three or four minutes return to the living room where he stabbed the victim. Relator was represented by Jack B. Horner, Esq. and David F. Chambers, Jr., Esq., who were appointed by the Court on March 22, 1950. The notes of testimony of the Post Conviction hearing make it clear that counsel were fully familiar with the facts of the case as well as the applicable law.

Counsel conferred with the relator at least five times prior to the change of plea (N.T. 11) and explained the law and alternatives that were available to relator. Relator asserts that counsel advised him to plead guilty. While this may well be the case, it is clear that counsel left the final decision up to relator, and, in fact, were actively preparing for a trial on the merits until the change of plea. In light of the attendant circumstances, not the least of which was the many eyewitnesses, counsel's advice appears perfectly proper. Moreover, the Court finds that counsel were acting properly in advising their client the extent to which the District Attorney was going to prosecute. Clearly this was relevant to an intelligent determination by relator of whether to plead guilty. Furthermore, the District Attorney clearly had a sufficient basis for seeking the death penalty. The Court is not confronted with a situation where the prosecuting attorney threatened to prosecute on a charge which was not justified by the evidence in order to induce relator to plead guilty. The Court finds that the relator, faced with the case which the state was prepared to prove, coupled with the information that the district attorney would seek the death sentence, and the fact that another defendant had recently received the death sentence, decided that it would be in his best interest to plead guilty. We find this plea to have been made voluntarily.

Relator also asserts that the plea was not made knowingly and intelligently, Both Mr. Chambers and Mr. Horner testified at the Post Conviction hearing that they had discussed the alternatives available to the defendant as well as the applicable law (N.T. 31, 33, 38–39). Moreover, at the Post Conviction hearing, relator stated that he was charged

2. Relator also contends that his plea was involuntary because it was motivated by the fact that another defendant, who was also incarcerated at the Lancaster County prison, had just received the death sentence. Relator knew this from the news and his personal contact with the prisoner (N.T. 5–7, 17). Since there is no allega-tion that an officer of the court informed relator of this fact there obviously was no attempt on the part of the authorities to use this incident to induce the relator to plead guilty. Therefore the Court concludes that this factor does not support relator's contention.

with murder (N.T. 11). After reviewing the entire record, the Court is thoroughly convinced that the plea was made knowingly and intelligently.

 Relator's last contention that there was insufficient evidence to sustain a finding of first degree murder is readily disposed of. The sufficiency of the evidence is a matter of state law and is not cognizable in a federal habeas corpus unless it rises to the level of a denial of due process. United States ex rel. Griffin v. Martin, 409 F.2d 1300 (2nd Cir. 1969). There was no such denial in the instant case.

### ORDER

And now to wit, this 13th day of October, A. D. 1970, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby denied.

There is no probable cause for appeal.

And it is so ordered.