**UNITED STATES of America ex rel. Malcolm O. THOMPSON, Jr.**

v.

**COMMONWEALTH OF PENNSYL-VANIA et al.**

Civ. A. No. 70-972.

United States District Court, E. D. Pennsylvania.

Oct. 14, 1970.

Malcolm D. Thompson, Jr., pro se.

Arlen Specter, Dist. Atty. of Philadelphia County, by Mark Sandrow, Asst. Dist. Atty., for defendant.

### OPINION AND ORDER

HANNUM, District Judge.

Presently before the court is a petition for writ of habeas corpus in which relator, Malcolm O. Thompson, Jr., attacks his conviction for burglary, larceny, receiving stolen goods, forgery and passing worthless checks on Indictment Nos. 1–17, January Sessions, 1963, Court of Quarter Sessions, County of Philadelphia.

The grounds contained in relator's present petition and upon which he challenges the legality of his present incarceration are: (1) that his guilty plea was induced by the promise of a lenient sentence; (2) that he was not properly advised as to the consequences of his guilty plea; (3) that he was never advised of his right to direct appeal and that he has prejudicially suffered from its denial; and (4) that the absence of the notes of testimony of his 1963 guilty plea proceeding has denied him equal protection of law by effectively imped-

ing his ability to establish his present claims.[1]

Relator has exhausted available state remedies with respect to contentions one (1) through three (3). After carefully reviewing the state court records in this matter, the court concludes that the state fact finding hearing was fair and adequate and that an evidentiary hearing is therefore not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

On December 22, 1962, relator was arrested and charged in seventeen indictments with burglary, larceny, receiving stolen goods, forgery and passing worthless checks.

On February 7, 1963, relator was brought to trial and entered a plea of guilty to all seventeen indictments. Relator was represented by a member of the Defender Association at the time of his plea and was sentenced to three (3) to ten (10) years imprisonment on Indictment No. 1 charging burglary, larceny and receiving stolen goods. Sentence on the remaining indictments was suspended.

On July 29, 1968, relator filed a petition pursuant to the Pennsylvania Post Conviction Hearing Act, Pa.Stat.Ann. tit. 19, § 1180–1 et seq. (Supp.1970) in which his factual allegations were substantially similar to those raised in this proceeding.

On March 14, 1969, an evidentiary hearing was held at which relator was represented by counsel. At the conclusion of this hearing, relator's petition was dismissed. On appeal, the Superior Court of Pennsylvania affirmed per curiam, Commonwealth v. Thompson, 216 Pa.Super. 728, 257 A.2d 883 (1969), and on March 3, 1970, the Pennsylvania Supreme Court denied allocatur.

From a review of the state court records, the court concludes that all of relator's contentions are completely without merit. The transcript of the state court evidentiary hearing[2] clearly reveals that relator's decision to enter a plea of guilty was both voluntary and informed and not induced by an unkept promise of leniency. Relator conferred with representatives of the Defender Association on two separate occasions prior to trial, yet nothing appeared in the Defender Association file to indicate an alleged promise of leniency (N.T. P. C.H.A. 69–74). At the second interview, the Defender's file reflected that the interviewer had reviewed all seventeen indictments with relator and that relator had indicated his desire to plead guilty from the outset (N.T. P.C.H.A. 68–69, 72). Not only was relator cognizant of the consequences of his plea, but also it appears that relator's trial counsel actually advised relator to plead not guilty and thereby require the Commonwealth to prove its case on each indictment (N.T. P.C.H.A. 67, 77). This course of action would thereby afford an opportunity for evaluation of the Commonwealth's evidence as to each indictment. If the evidence was strong, the plea could subsequently be changed to one of guilty. Despite this advice, relator persisted in his desire to enter a plea of guilty (N.T. P. C.H.A. 69, 77).

The transcript of the state evidentiary hearing also reveals that both relator's trial counsel and relator himself were quite pleased and satisfied with the sentence imposed (N.T. P.C.H.A. 42, 77–78, 85). This fact is corroborated by relator's own testimony (N.T. P.C.H.A. 42). Nowhere does it appear that relator ever complained to his counsel of an unkept promise that he would receive a more lenient sentence in exchange for his plea.

---

1. Relator's petition states that he was informed by the court stenographer that the notes of testimony of his 1963 proceeding were destroyed in a fire in June, 1968. Whether the presence of his transcript could have significantly assisted relator in sustaining his present burden of proof, is a question of dubious merit.

But in any event, this contention has never been presented to the state courts for proper determination and therefore relator has not exhausted available state remedies with respect to this claim. 28 U.S.C. § 2254.

2. Hereinafter cited as "N.T. P.C.H.A."

In light of the large number of charges confronting relator at that time and the length of the penalty which he could have possibly received, it is more probable and believable that relator entered his plea of guilty in the hope of receiving a lesser penalty. The state record reveals that this hope became a reality for relator. As such, this would not render his guilty plea invalid. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Accordingly the court concludes that relator has failed to sustain his burden of proving the invalidity of his guilty plea. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970).

■ It has been conceded by the Commonwealth that relator was not advised of his right to direct appeal. This however is not significant since all of the questions which relator could have raised on direct appeal were in fact raised in a collateral proceeding and subsequent appeal. It is therefore clear that relator has suffered no prejudice and that this contention is likewise without merit. United States ex rel. Madison v. Rundle, 422 F.2d 49, 52 (3d Cir. 1970).

■ The final matter before the court in this case is ministerial in nature. The District Attorney has moved to amend the caption of relator's petition on the ground that relator has not named the proper party as respondent, i.e., his custodian. An examination of the caption of relator's petition reveals that the District Attorney's motion is well taken and, accordingly, it shall be granted.

### ORDER

And now, this 14th day of October, 1970, it is hereby ordered that:

1. The motion of the District Attorney of Philadelphia County to amend the caption is granted.

2. The petition for a writ of habeas corpus with respect to the first three contentions enumerated in the preceding Opinion is denied.

3. The petition for a writ of habeas corpus with respect to the fourth contention enumerated in the preceding Opinion is denied without prejudice for failure to exhaust state remedies. 28 U.S. C. § 2254.

There is no probable cause for appeal.