STATE OF NORTH CAROLINA v. CHARLES JOHNSON

No. 7426SC1068

(Filed 16 April 1975)

**Criminal Law §§ 23, 181—post-conviction hearing — burden on petitioner to prove denial of constitutional right**

In a post-conviction review proceeding the burden is upon the petitioner to show a denial of some right guaranteed to him by the Constitution of N. C. or by the Constitution of the U. S. in the trial resulting in his conviction; therefore, the case is remanded for further hearing and consideration where the trial court apparently placed upon the State the burden of showing that petitioner's guilty plea was entered with an understanding of its consequences.

ON writ of *certiorari* to review the order of *Snepp, Judge.* Order entered 20 June 1974 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals on 12 March 1975.

By order dated 15 April 1974 petitioner Charles Johnson was granted a hearing under the Post-Conviction Hearing Act to review his trial at the 1 December 1958 Criminal Session of Superior Court in Mecklenburg County. Based upon the evidence presented at the hearing, the trial court made findings of fact and concluded as a matter of law that petitioner's pleas of guilty tendered at his original trial were not freely, voluntarily, and understandingly made and that petitioner was not afforded due process of law at his trial. Petitioner was awarded a new trial, and this Court granted the State's petition for writ of certiorari.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Logan D. Howell, for defendant appellee.*

MARTIN, Judge.

In the present case petitioner Charles Johnson sought and obtained a post-conviction review of a trial held in 1958. At this earlier trial, he pleaded guilty to charges of first degree burglary and received life sentences. In the post-conviction review, Judge Snepp heard the testimony of Johnson and John G. Plumides, petitioner's attorney at the original trial. Based upon the evidence the court made findings of fact and concluded that petitioner's pleas of guilty at his trial were not freely, voluntarily, and understandingly made and that petitioner was not afforded due process of law. In reaching its conclusion, the court cited *Bailey v. MacDougall*, 392 F. 2d 155 (4th Cir. 1968), *cert. denied*, 393 U.S. 847, 21 L.Ed. 2d 118, 89 S.Ct. 133, for the proposition that the State has the burden of proving that a guilty plea was entered with an understanding of its consequences.

In a post-conviction review proceeding the burden is upon the petitioner to show a denial of some right guaranteed to him by the Constitution of North Carolina or by the Constitution of the United States in the trial resulting in his conviction. *Branch v. State*, 269 N.C. 642, 153 S.E. 2d 343 (1967). In our opinion petitioner Johnson had such a burden in the present case. *Bailey v. MacDougall, supra,* is not controlling, and is distinguishable. *See United States Ex. Rel. Grays .v. Rundle,* 428 F. 2d 1401 (3rd Cir. 1970).

In discussing the problem of where the burden of proof lies when a claim is made that a plea of guilty in a state court was not knowingly entered and the record is either silent or inadequate as an inquiry by the judge concerning the defendant's knowledge of the charge and the consequences of his acknowledgment of guilt, Judge Freedman, concurring in *United States Ex. Rel. Grays v. Rundle, supra,* stated:

"If the burden of proof is placed on the state it will have the evidence of the prosecutor and the judge, if they are still available, but they can hardly be expected to recall the facts in any one of numerous long past cases. And if the state should call the defendant, he will obviously be a hostile witness. If on the other hand the burden of proof is placed on the defendant, it would appear to be easier for him to bear it."

The judgment is reversed. The case is remanded for further hearing and consideration consistent with this opinion.

Reversed and remanded.

Chief Judge BROCK and Judge VAUGHN concur.