**UNITED STATES of America ex rel. William Fairfax WASHINGTON, Appellant,**

v.

**James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 17641.**

United States Court of Appeals, Third Circuit.

Argued March 30, 1970.

Decided June 17, 1970.

William F. Washington, pro se.

Robert L. Campbell, Asst. Dist. Atty., Pittsburgh, Pa., for appellee.

Before HASTIE, Chief Judge, and MARIS and ADAMS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

William Fairfax Washington was indicted on four counts of armed robbery and receiving stolen goods, and one count of burglary. On December 19, 1959, after waiving a jury trial, he was tried, found guilty by a judge, and sentenced to four concurrent ten to twenty year terms on the armed robbery charges, and to a consecutive term of two and one half to five years for burglary. No direct appeal was taken.[1]

Washington filed a habeas corpus petition in the Pennsylvania state court on September 22, 1964. After the lower

---

1. Washington claims he wanted to appeal, but his counsel refused to file an appeal. Counsel prepared a motion for a new trial, but did not file it. The question of counsel's failure or refusal to proceed with the appeal was not exhausted in the state courts. *But see* Rodriguez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L. Ed.2d 340 (1969).

courts denied Washington any relief, the Pennsylvania Supreme Court reviewed Washington's claims of ineffective assistance of counsel. Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1964). The Supreme Court vacated the burglary sentence because, as Justice Roberts wrote in the majority opinion, Washington was "deprived of effective assistance of counsel" as to that charge. The basis of this conclusion was counsel's failure to object to the admission of a confession which Washington contended was "the product of unconstitutional police action".

Washington filed a habeas corpus petition in the District Court alleging he was denied effective assistance of counsel for the entire trial—the armed robbery charges[2] as well as the burglary charge. Judge Marsh denied the petition. United States ex rel. Washington v. Maroney, 294 F.Supp. 1402 (W.D.Pa. 1968). This appeal followed.[3]

█ Judge Marsh said this case was not one where there was "hasty or late appointment of a defense lawyer" or one "where a late appointment of counsel is 'inherently prejudicial'". (294 F. Supp. at 1404, 1406). He thereupon concluded that Washington "receive[d] the effective aid and assistance of counsel as to the robbery charges.".[4]

At his trial on all five counts, Washington was represented by George E. Loebig, Esquire, of Allegheny County Legal Aid Society. Legal Aid's first association with Washington was on November 27, 1959, when a social worker, Mrs. Beach, visited him in jail, and made notes on certain Legal Aid forms. Mrs. Beach expressed the thought that Washington's parents should be able to retain private counsel. She notified his parents accordingly, and also suggested that they obtain character witnesses. However, there is no evidence regarding any attempt on the part of anyone to retain such counsel. On December 10, 1959, the day of Washington's trial, Mr. Loebig appeared in court where he saw Washington for the first time. No other lawyer had previously communicated with Washington.

Washington testified that he saw Mr. Loebig for about "one moment" before the trial began. In the evidentiary hearing held in the District Court, Mr. Loebig stated that he did not "recall this defendant and this case at all". After reviewing the record and noting the waiver of a jury trial, Mr. Loebig said that although he could not recall, he could "speculate" that "it would take five to ten minutes to explain the procedure to sign a non-jury waiver", and that "a probability [or] a speculation" was that he may have spent "a half-hour". In view of Mr. Loebig's clear testimony that "[he] did not recall the case at all", the record does not support the finding by the District Court that Mr. Loebig consulted with Washington for a half-hour. The most favorable interpretation of the record from the standpoint of the prosecution would, at best, support the conclusion that from one to ten minutes were spent in conference—most of the time probably discussing waiver of a jury trial.

---

2. Washington also claimed he was entitled to habeas corpus relief because (1) a coerced confession was admitted at trial; (2) the attorney who represented him would not file an appeal; and (3) an adverse ruling of the Pennsylvania Supreme Court was incorrect. There is no question in this case regarding counsel's competency or skill. The issue is solely whether counsel's late entry into the case deprived the defendant of the effective assistance of counsel.

3. Washington's appeal was filed *pro se*. Washington has been released from prison on parole, after serving his minimum sentence. At oral argument, there was presented to the Court without objection evidence of petitioner's enrollment in college with laudatory letters from officials at the college.

4. Our review of the record indicates that the findings of fact upon which Judge Marsh's decision was based are "clearly erroneous" under Rule 52(a).

This brief encounter between Washington and counsel took place in open court while another proceeding was in progress. It was in no respect a private discussion, but was a hurried, whispered meeting in an atmosphere where a genuine opportunity for disclosure of information or a discussion of defense was impossible. There is not one scintilla of evidence in the record that the attorney was able to obtain any information in the brief meeting that would be useful at trial, or that he discussed any strategy for the defense of this serious case in which Washington had always pleaded not guilty. Indeed, there is no indication in the record of any preparation whatsoever by the attorney.

Although there is evidence that Mrs. Beach obtained information from Washington regarding the facts of the crime, the testimony fails to support the finding of the District Court that counsel consulted the file prepared by Mrs. Beach. In fact the record is to the contrary. Mrs. Beach's report contained a notation that Washington wished to retract his confession to the burglary charge because he gave it as a result of police coercion. Loebig's failure to object to the admission of Washington's statement at trial would indicate that he was unaware of Mrs. Beach's notes. Loebig himself testified that he had "no recollection" of time spent reviewing the file, although "it was [his] practice to *sometimes* look over the cases".

Mrs. Beach saw Washington on November 27th, thirteen days before the trial, but Legal Aid did not then act in the capacity of legal counsel to Washington.[5] It is clear that no attorney communicated with Washington before the day of his trial. Mrs. Beach's investigation was geared principally toward a determination whether Washington could afford counsel, and not toward preparing a defense. This situation is therefore not akin to one in which a Legal Aid or Defender's Association is designated as counsel and one attorney investigates or researches the case and another attorney then meets the defendant in court to try it.[6] We express no view regarding such situation.

As early as Powell v. Alabama, when Mr. Justice Sutherland said that the duty to appoint counsel is "not discharged by an assignment at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case", the United States Supreme Court recognized that mere designation of counsel does not fulfill a defendant's Sixth Amendment right to counsel. 287 U.S. 45, 71, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Whether counsel is appointed or retained, a defendant has the right to have effective aid. This may not be possible where counsel is not given reasonable time to prepare the case. As the Supreme Court emphasized in Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940), "the denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel". This Court has emphasized that there is a difference between technical representation and meaningful assistance. United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3d Cir. 1969).

Although no court has ruled that late appointment of counsel conclusively indicates a denial of the right to effective assistance of counsel, courts consider late appointment in conjunction with the particular nature of the case when deciding if a defendant's right has been

---

5. The record does not disclose that either Legal Aid or Loebig were appointed as counsel for Washington prior to the date of the trial.

6. This Court has under consideration a case heard *en banc* concerning the application of United States ex rel. Mathis v. Rundle, 394 F.2d 748 (3d Cir. 1968), to a situation in which a defendant was represented by several lawyers employed by the Voluntary Defenders. United States ex rel. Moore v. United States, No. 17931.

in fact denied. *See* United States ex rel. Mathis v. Rundle, 394 F.2d 748, 750–751 (3d Cir. 1968); United States ex rel. Chambers v. Maroney, 408 F.2d 1186, 1188–1189 (3d Cir. 1969), aff'd 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States ex rel. Tillery v. Cavell, 294 F.2d 12 (3d Cir. 1961). In United States v. Helwig, 159 F.2d 616 (3d Cir. 1947), where counsel for a defendant was appointed "one minute" before trial, this Court reversed the conviction saying "that counsel for an indigent defendant, held in custody, must be appointed by the court sufficiently far in advance of trial to enable counsel adequately to prepare the defense." 159 F.2d at 618.

The circumstances of this case indicate that Washington did not have the vigorous representation which one expects in the usual adversary proceeding, and that Washington was prejudiced by counsel's late entry into the case and total lack of preparation for it.[7]

There is no evidence in the record of any preparation made by counsel before trial or any consideration or review by counsel of the file prepared by Mrs. Beach, the social worker. We are influenced by the conclusion of the Pennsylvania Supreme Court that counsel failed to object to a possibly coerced confession because of "insufficient preparation". 427 Pa. at 610–611, 235 A.2d at 349.

Furthermore, if counsel were so ill prepared because of his late entry into the case as to indicate he did not obtain the factual information necessary in order to object to a possibly coerced confession, we consider it clear that the brief courtroom consultation with Washington *did not*, no matter how experienced or excellent a lawyer, provide counsel an adequate opportunity to obtain the information necessary to formulate a rational defense to a five-count indictment in a factually complicated case. This conclusion is supported by the failure of trial counsel to present a real defense to the charges against Washington.

■ Washington alleges that counsel prejudiced his case by his failure to impeach the key government witness, a co-defendant, by use of his prior criminal record. Although the Pennsylvania Supreme Court and the District Court concluded that this was not prejudicial on the basis the case was tried by a judge without a jury, we do not know what effect the failure to impeach had on the judge. The fact that the judge subsequently meted out a very severe sentence may be an indication that it had a serious effect.[8] Moreover, there is no clear or affirmative evidence to support the position that this was a tactical decision of counsel. Counsel, who had no independent recollection of the case at all, merely speculated that "most times it's probably better not to waste the court's time and make the court impatient and angry with you" by impeaching a witness with a prior criminal record. In view of the brief time counsel had to consider all the aspects of this serious case, and the fact that it is unclear whether counsel was ever aware of the witness' prior criminal record, we cannot treat this as a tactical decision.

Further, counsel called no witnesses including character witnesses on behalf of the defendant, although there was a specific notation in Mrs. Beach's report to notify Washington's parents about character witnesses. He was not able to explain this void despite the seriousness of the case, and in fact admitted he "always thought character testimony is of value". Finally, the late appointment made it impossible for counsel to investi-

---

7. This result is reached whether or not resort is had to the burden of proof rules set forth in *Mathis* and *Chambers, supra.*

8. In the Pennsylvania Supreme Court, Justice Roberts based his decision pertaining to this point on defendant's election to be tried by a judge without a jury. Just what sort of election was made is not apparent since the entire consultation with counsel was, at most, ten minutes and counsel was not himself informed regarding the issues of the case at the time the waiver of a jury trial was executed.

gate the government witnesses listed on the indictment.

 The combination of various factors in this case—the total lack of preparation for trial or time to formulate a rational defense, the failure to object to a questionable confession, the failure to impeach a key prosecution witness with a criminal record, and the failure to call any witnesses—compel us to conclude that Washington was denied the effective assistance of counsel and was prejudiced thereby.

The judgment of the District Court will be vacated, and the cause remanded with directions to the District Court to enter an order granting the writ unless the State retries Washington within a reasonable time to be specified by the District Court.

MARIS, Circuit Judge (dissenting).

I do not perceive the clear error which the majority appear to see in the findings made by Judge Marsh in this case. The relator's statement that he had only one moment of consultation with his counsel before trial I regard as incredible as Judge Marsh evidently did also. And even though counsel at the time of the habeas corpus hearing had no personal recollection of the relator's trial there is no doubt in my mind, as there was not in Judge Marsh's, that he was present, that he conferred with the relator for a substantial period, in the order of a half hour, and that he prepared and adequately conducted the relator's defense. This, I think, may be inferred from the facts that counsel was an able lawyer of long trial experience, that he had the investigator's report which gave the facts of the crime, and that he made notations on the case sheet in the file with respect to the defense, as well as from his testimony as to what time he probably spent in conference with the relator. The failure of counsel to object to the admission of the relator's confession of commission of the burglary does not concern me, since the relator was tried by the judge who, of course, understood that the confession was not relevant as

to relator's guilt on the robbery charges here involved. I would, accordingly, affirm on the findings and opinion of Judge Marsh, 294 F.Supp. 1402.

I dissent.