**UNITED STATES of America ex rel. Eugene H. KIDD**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

Misc. No. 69–632.

United States District Court, E. D. Pennsylvania.

Oct. 1, 1970.

Lawrence Solomon, Philadelphia, Pa., for relator.

Arlen Specter, Dist. Atty. by T. Michael Mather and David Richman, Asst. Dist. Attys., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

HANNUM, District Judge.

In this petition for writ of habeas corpus, relator, Eugene H. Kidd, attacks his conviction for aggravated robbery and conspiracy on Indictment Nos. 31–32, April Sessions, 1963, Court of Quarter Sessions, County of Philadelphia.

Relator has exhausted his state remedies and after reviewing the state court records in this matter, the court concludes that the state fact finding hearing was full and adequate and that an evidentiary hearing is therefore not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The grounds upon which relator bases his present petition are: (1) that his plea of guilty was the product of a coerced confession; (2) that his plea of guilty was entered as a result of inadequate representation by counsel; (3) that his plea of guilty was not made voluntarily or intelligently; and (4) that relator was denied equal protection of law in the State Courts.[1]

On March 26, 1963, relator was arrested and charged in three indictments with assault and battery, aggravated assault and battery with intent to murder, aggravated robbery and conspiracy.

On May 17, 1963, relator entered a plea of guilty to Indictments Nos. 31 and 32 charging aggravated robbery and conspiracy. A nolle prosequi was entered as to the remaining indictment. Relator was represented by member of the Defender Association at the time of his plea and was sentenced to three (3) to ten (10) years imprisonment on Indictment No. 31 charging aggravated robbery. Sentence on the remaining indictment was suspended.

1. This last contention was not raised in relator's original petition but was raised in a brief in support of his three original contentions. This claim has never been presented to the state courts and as such, relator has not exhausted state remedies with respect to this claim. 28 U.S.C. § 2254.

On March 11, 1968, relator filed a petition pursuant to the Pennsylvania Post-Conviction Hearing Act, Pa.Stat. Ann. tit. 19, 1180–1 et seq. (Supp. 1970) in which his allegations were substantially similar to those raised in this proceeding.

On August 1, 1968, a hearing was held at which relator was represented by counsel and on September 30, 1968, his petition was denied. On appeal, the Superior Court of Pennsylvania affirmed per curiam, 215 Pa.Super. 741, 225 A.2d 600 (1969), and on October 27, 1969, Pennsylvania Supreme Court denied allocatur.

■ With respect to relator's first contention, the short answer is that without more this contention would be an insufficient basis upon which to afford relief and relator would thereby be foreclosed from collaterally attacking his guilty plea in this court. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); United States ex rel. Broaddus v. Rundle, 429 F.2d 791 (3d Cir. 1970). Our inquiry must therefore proceed to relator's two remaining contentions.

■ A review of the state court records reveals that relator conferred with representatives of the Defender Association on more than one occasion prior to trial (Notes of Testimony of Post-Conviction Hearing, pages 4 and 5, hereinafter "N.T. PCHA") At these interviews relator admitted his part in the crimes charged and expressed his desire to plead guilty to Indictments Nos. 31 and 32, and not guilty to Indictment No. 30 (N.T. PCHA 4, 5, 6.) Also during one of these interviews, relator advised the representative of the Defender Association that he had given a statement to the police admitting his guilt (N.T. PCHA 13). But nowhere did it appear in the Defender's file that relator ever complained of a coerced confession. If such had been the case, relator's trial counsel indicated that a proper notation to this effect would appear in their file (N.T. PCHA 7, 8).

At relator's trial, the Commonwealth read from the statement that relator had given to the investigating officers and produced the complainant who testified and positively identified relator as a participant in the crime. (Notes of Testimony of Trial, pages 3, 6–8, hereinafter "N.T. Trial"). It also appears that not only did relator freely admit his part in the robbery in open court, but he also expressed remorse over the crime and his desire to make restitution (N.T. Trial 13, 15, 16, 18).

At relator's post-conviction hearing, trial counsel testified that it was his normal practice to advise his clients of the consequences of any plea that they might make and that he would not have permitted relator to plead guilty had anything appeared to indicate that relator was not guilty or did not desire to plead guilty (N.T. PCHA 5, 14, 15).

In light of the foregoing, this court must conclude that the professional conduct of relator's trial counsel was based upon a reasonably competent course of action and did not depart from the standards of conduct set forth in United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3d Cir. 1969). Cf. McMann v. Richardson, *supra*.

■ With respect to relator's assertion that his trial counsel's representation of a co-defendant conflicted with his duties owed to relator, and thereby deprived relator of effective representation, it suffices to state that the record indicates neither actual nor potential prejudice from the joint representation. Not only does the record indicate that counsel's efforts were equally as strenuous for both defendants (N.T. Trial 17, 18, 23), but also from counsel's own testimony it appears that if he believed that a conflict of interest was present he would have petitioned the court accordingly. (N.T. PCHA 17–18)

■ The final inquiry upon which this court must focus attention is whether relator's guilty plea was entered with the requisite understanding and intelligence. The burden of proof with re-

spect to this inquiry is upon relator. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970).

It appears from the record developed in the state post-conviction proceeding that relator was sufficiently cognizant of the significance of a guilty plea to inform his attorney of his desire to plead not guilty to Indictment No. 30 charging assault and battery with intent to murder. Relator did in fact subsequently plead not guilty to that indictment. This discrimination indicates an awareness on the part of relator of the fundamental difference between a plea of guilty and not guilty. Cf. United States ex rel. McCloud v. Rundle, 402 F.2d 853, 858 (3d Cir. 1968). Also relator had suffered at least one prior conviction for theft (N.T. Trial, 17) which must have given him some indication of the consequences of his guilty plea in terms of sentencing. These circumstances coupled with the testimony of relator's counsel in the state post-conviction proceeding clearly demonstrates that relator has failed to sustain his burden of proof and accordingly his petition must be denied.

The court wishes to express its appreciation to Lawrence Solomon, Esq., who ably and skillfully represented relator in this proceeding.