UNITED STATES of America ex rel. Eugene H. KIDD, H-2831, Appellant,

v.

COMMONWEALTH OF PENNSYLVANIA and District Attorney of Philadelphia County.

No. 19525.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 10, 1971.

Decided Dec. 29, 1971.

Lawrence Solomon, Sigman & Solomon, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty. for Law, Philadelphia, Pa. (Judith M. Dean, Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

2. United States v. Ramsdell, 450 F.2d 130 (10th Cir. 1971).

## OPINION OF THE COURT

### PER CURIAM:

This appeal by a state prisoner from a denial of federal habeas corpus raises constitutional questions of competency of counsel, the efficacy of his guilty plea, and equal protection. We have carefully considered all of his contentions, find them devoid of merit, and will affirm the order of the district court.

In 1963, Eugene Kidd entered pleas of guilty to indictments charging aggravated robbery and conspiracy. Five years later, he filed a Pennsylvania Post-Conviction Hearing Act petition, alleging that his guilty plea was induced by a coerced confession, that it was motivated through the advice of incompetent counsel, and that it was not made knowingly. Following an evidentiary hearing, relief was denied. The Pennsylvania Superior Court affirmed, Commonwealth v. Kidd, 215 Pa.Super. 741, 255 A.2d 600 (1969), and the Pennsylvania Supreme Court denied allocatur. A petition for federal habeas corpus relief followed.

Upon an independent review of the record, we are persuaded that the professional competence of appellant's trial counsel met that standard required by Moore v. United States, 432 F.2d 730 (3d Cir.1970). We will not reject the specific finding of the state post-conviction court "that [appellant] was in fact given counsel who acted fairly and effectively in the best interests of the petitioner."

Where the advice given an accused "was within the range of competence demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970), "our inquiry into the validity of the guilty plea is limited . . . to the question whether the plea itself was intelligently and voluntarily entered." United States ex rel. Broaddus v. Rundle, 429 F.2d 791, 795 (3d Cir. 1970). "[T]he validity of a guilty plea is not to be gauged by an examination of the admissibility of a confession or statement which may have, in part, prompted the plea." 429 F.2d at 793. Moreover, the post-conviction court found that appellant's confession was "freely given."

 In a collateral attack on a criminal proceeding the petitioner has the burden of proving that a guilty plea was not made knowingly or voluntarily. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir.1970). We find that appellant failed to meet that burden. The district court, 320 F.Supp. 1201, refused to consider appellant's equal protection argument because of failure to exhaust state remedies on this issue. 28 U.S.C. § 2254. We agree.

The order of the district court denying the writ of habeas corpus will be affirmed.