Raymond Fowler, pro se.

Robert W. Duggan, Dist. Atty., County of Allegheny, Pittsburgh, Pa., for respondent.

**Raymond FOWLER, C–9251, Petitioner,**

v.

**Eugene A. POWELL, Superintendent, Respondent.**

**Civ. A. No. 71–675.**

United States District Court,
W. D. Pennsylvania.

Jan. 28, 1972.

OPINION

GOURLEY, Senior District Judge.

This petition for writ of habeas corpus is filed by a State penal inmate convicted of armed robbery after a plea of guilty. Petitioner has exhausted all state remedies. Respondent has filed an Answer and a Motion to Dismiss asserting a lack of jurisdiction in this Court based on petitioner's confinement in the State Correctional Institution at Huntingdon, Pennsylvania. There is, however, jurisdiction in this Court based on 28 U.S.C.A. § 2241(d). Nevertheless, this petition will be denied because in the view of this Court there has been no infringement of petitioner's rights rising to constitutional magnitude. He as-

serts that his constitutional rights have been infringed as a result of a denial of the effective assistance of counsel and being subjected to a lineup without the presence of counsel in violation of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The thrust of petitioner's argument is that his guilty plea was induced by the lineup procedure and, therefore, was not voluntarily and intelligently entered. Although respondent has filed an Answer denying that there was a lineup conducted, the Court will for present purposes assume the truth of petitioner's contention.

 The Court has thoroughly examined and reviewed all State Court records. From this review it is clear that petitioner was represented by counsel at the time he entered his guilty plea. The record reveals an exhaustive effort on the part of the State trial court to determine that the guilty plea was voluntarily and intelligently entered with full understanding of the consequences. This Court is satisfied that the plea was entered on this basis. Petitioner asserts that he had very little time to confer with counsel prior to his plea of guilty. But length of time to confer with counsel is no indication that there was no effective assistance of counsel; there is no per se rule or yardstick by which this can be measured. Moreover, the record is clear that the petitioner's case had been adequately reviewed prior to the petitioner's plea of guilty by an investigator from the Public Defender's Office and petitioner's appointed counsel. The petitioner was advised by the trial court of the range of permissible sentences to be imposed. Accordingly, it cannot be said that the guilty plea was not intelligently and knowingly entered. See United States ex rel. Washington v. Maroney, 428 F.2d 10 (3d Cir. 1970). Indeed, the trial court went to great lengths to insure that petitioner and his co-defendant each, by answering questions propounded to them separately, understood the full significance of their guilty pleas.

 Even assuming that there was a lineup conducted without the presence of counsel after petitioner was taken into custody, the rule in Wade, supra, affords petitioner no relief here. No in-court identification was made, let alone one made on the basis of an unduly suggestive lineup. Moreover, when a plea is intelligently, voluntarily, and knowingly entered as here, where an accused is represented by competent counsel, the guilty plea in a state court is not subject to collateral attack by way of federal habeas corpus proceedings. See McMann v. Richardson, 397 U.S. 759 at 773, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970), where in an analogous situation involving an alleged coerced confession which purportedly induced a guilty plea, the Court said: "The defendant who pleads guilty is in a different posture (than one tried and convicted). He is convicted on his counseled admission in open court that he committed the crime charged against him. The prior confession is not the basis for the judgment, has never been offered in evidence at a trial, and may never be offered in evidence." See also United States of America ex rel. Kidd v. Commonwealth of Penna. and the District Attorney of Philadelphia County, 453 F.2d 247 (3d Cir. December 29, 1971).

Based on the foregoing reasons, it is the considered judgment of this Court that the petition for writ of habeas corpus should be denied.

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the above opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.