**UNITED STATES of America ex rel. Willie HILL**

v.

**Alfred T. RUNDLE, Superintendent. Civ. A. No. 70–3140.**

United States District Court, E. D. Pennsylvania. July 26, 1971.

784

Willie Hill, pro se.

Arlen Spector, Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

MASTERSON, District Judge.

Relator has filed in this Court a petition for a writ of habeas corpus. In 1961, relator pleaded guilty to two bills charging burglary, larceny and receiving stolen goods, and was sentenced to consecutive one to five year prison terms. Since 1962, relator was returned to prison twice as a parole violator, and is now on parole for a third time.

Relator contends that his plea of guilty was not voluntarily and intelligently entered, and that the silent record as to its validity is insufficient to support the plea. Relator has exhausted his state remedies by presenting these claims in a petition pursuant to the Pennsylvania Post-Conviction Hearing Act, 19 P.S. 1180-1 et seq., and subsequent appeals to the Pennsylvania Superior and Supreme Courts from the denial of that petition. We have carefully examined the transcript of the post-conviction proceeding and because relator has had a full, fair and adequate hearing on these claims, we find it unnecessary to hold an evidentiary hearing in this Court. 28 U.S.C. § 2254(d); Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■■ Although the trial court made no inquiry into the relator's understanding of the guilty plea as is now required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the *Boykin* decision is not to be applied retroactively. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969). Instead, the validity of the entry of the guilty plea must be measured by the totality of the circumstances surrounding it.

■■ The state record demonstrates that relator's plea was voluntarily entered with the advice of competent counsel. Relator testified that his attorney advised him to plead guilty in view of the Commonwealth's evidence in the case. (Notes of Testimony of the PCHA hearing, "N.T.", 6). Relator alleged that his guilty plea was the result of a coerced confession, (N.T. 8), but this in itself could not invalidate the plea. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). He further testified that he had prior court experience and had pleaded guilty in another case. (N.T. 12). Relator's trial counsel testified that because of the evidence available for the Commonwealth, the number of offenses on which relator was charged and his prior record, he recommended that relator plead guilty. (N.T. 16–17). Relator, he felt, had been satisfied with his representation since he had come back to ask for legal representation on another criminal charge in 1963. (N.T. 17). Relator's attorney noted that his client was "court-wise" and understood the nature and consequences of his guilty plea. (N.T. 18).

Relator never evidenced any sign of contradiction to his attorney's advice or gave any indication that he wished to plead not guilty. We find that relator has not met his burden of proving[1] that his plea was involuntary or not entered as an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).

Accordingly, relator's petition for a writ of habeas corpus will be denied with prejudice.

---

1. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970).