**UNITED STATES of America ex rel. David T. FELTON**

v.

**Alfred T. RUNDLE, Supt.**

**Misc. No. 4120.**

United States District Court, E. D. Pennsylvania.

May 2, 1972.

Morris R. Brooke, Philadelphia, Pa., for petitioner.

Carolyn E. Temin, Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Relator, David T. Felton, pleaded guilty on February 10, 1954 in the Court of Quarter Sessions of Philadelphia County to two counts of robbery and received a sentence of 6 to 20 years.[1] He now alleges that his plea was involuntarily entered as he had been made to write out and sign a coerced confession and because he had been threatened with prosecution for murder if he did not

1. Relator was paroled on December 27, 1959. On March 3, 1966, he was convicted of attempted robbery and sentenced to a term of 10 to 20 years. Because of the 1954 offense, relator was required to serve three years and five months as a parole violator before beginning to serve the 1966 sentence. Invalidation of relator's 1954 conviction would entitle him to three years and five months credit against his 1966 sentence.

plead guilty to the robbery charges. After a careful examination of the transcript of relator's guilty plea and sentencing and the transcript of his 1967 Post Conviction Hearing Act hearing, and after a full evidentiary hearing in this Court, we conclude that relator's petition for a writ of habeas corpus must be denied.

■ The transcript of relator's guilty plea reveals that no inquiry was made as to the voluntariness of the plea. As his plea was entered with the advice of counsel, the burden is on him to show that it was not knowingly and voluntarily made. United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3rd Cir. 1970).[2] We conclude that relator has not sustained his burden of proof.

■ Relator was arrested on December 26, 1953. The police searched his room and found a broken revolver and narcotics paraphernalia. Relator was examined and found "positive for recent use of narcotics." It is undisputed that relator was an addict at that time. After a number of hours of interrogation, relator allegedly agreed to confess in exchange for a narcotics injection. After the drug had been injected, relator wrote and signed a confession which the interrogating officers dictated to him. The undisputed facts cited above and the fact that the Commonwealth has not been able to rebut relator's contention lead us to believe that his confession was in fact given in return for an injection of narcotics and as such was an involuntary confession.

Our inquiry however, cannot stop there. In McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), the Supreme Court held that "a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney." We find that relator was not incompetently advised. In the first instance relator does not allege that his confession in any way motivated his guilty plea. At no time does he claim that counsel advised him to plead guilty on the grounds that he had already confessed to the crimes with which he was charged.

Moreover there were several compelling grounds which support counsel's advice to relator to enter a plea of guilty. Relator's three co-defendants, all represented by other counsel, entered pleas of guilty and presumably would have been available to testify against relator. The victim of one of the two robberies with which relator was charged was present at the entering of the plea and clearly identified him as one of the robbers. The victim of the other robbery, while unable to identify relator was able to identify a co-defendant. Finally, relator's counsel indicated at the guilty plea proceeding that relator had always expressed a desire to plead guilty: "When first talking to him he said, Yes, I did this, and he made no effort to evade the truth or do anything except take the consequences, which I have told him—I think I know what I am talking about—will be very serious for his actions." (N.T. 15–16)[3] Accordingly we conclude

2. Relator's plea was entered prior to the Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which holds that a guilty plea must be invalidated if there has been no inquiry on the record as to the voluntariness of the plea. *Boykin* is prospective only. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969).

3. Relator also alleges that he was ineffectively represented by counsel because he never saw his attorney until immediately before he entered his guilty plea and then only for several minutes. Relator's counsel died before relator first raised this issue, so there is no testimony to rebut this contention. However, the above statement indicates that counsel *did* meet with relator on more than one occasion and discussed the possible consequences of a guilty plea.

that counsel in advising relator to plead guilty exercised at least "the customary skill and knowledge which normally prevails at the time and place." Moore v. United States, 432 F.2d 730, 736 (3rd Cir. 1970).

Relator alleges that the primary motivation for his plea of guilty was a threat to indict him for murder if he did not plead guilty to robbery. After relator was arrested, the police searched his room for a second time. They found a blood-covered hammer which they apparently believed might be linked to the killing of a Bryn Mawr taxicab driver. Although the Philadelphia newspapers reported that relator was a suspect in this killing, it does not appear that he was ever formally indicted.[4]

Judge McDermott, who presided over relator's Post Conviction Hearing Act hearing, found the allegation that he pleaded guilty to avoid being indicted for murder incredible. This finding, fairly supported by the record of a full and fair evidentiary hearing is binding upon us. 28 U.S.C. § 2254(d). At any rate we fully agree with Judge McDermott's finding. The District Attorney who prosecuted the robbery charges denied in the hearing before us that he ever threatened relator with a murder charge if he did not plead guilty to robbery. Moreover we cannot believe that relator's counsel would advise relator to plead guilty on the assumption that such a plea would have an effect on whether or not murder charges were brought. Finally we observe that the question of whether or not to prosecute relator for murder was for the Bryn Mawr and not Philadelphia authorities. The Philadelphia authorities were never in a position to indict relator for murder if he did not plead guilty to robbery. Relator's counsel, if not relator, was no doubt aware of this. Accordingly we attach no credibility to this contention.

4. The transcript of relator's guilty plea discloses that he had been "found not guilty on three offenses, one of them homicide, on which the charge was dismissed." We are unable to determine whether the homicide referred to is the killing of the cab driver.